**TEXAS EMPLOYERS INS. ASS'N v. HOWELL et al.**

**No. 12459.**

Court of Civil Appeals of Texas. Dallas.

May 15, 1937.

Rehearing Denied June 12, 1937.

Head, Dillard, Maxey-Freeman & McReynolds, of Sherman, for appellant.

Webb & Webb, of Sherman, for appellees.

BOND, Justice.

Appellee Homer Howell brought this suit in a district court of Grayson county, Tex., in the nature of an appeal from an award of the Industrial Accident Board to recover from appellant upon a policy of workmen's compensation insurance delivered by appellant to J. E. Morgan & Sons. The policy was effective at the time of the occurrence in question.

Howell alleged in his petition, that he sustained a compensable injury to "all the bones, blood vessels, nerves, tendons, tissues, muscles, ligaments, spinal cord, spinal column; sides and hips were bruised, mashed, broken, dislocated, torn, lacerated, wrenched, and otherwise injured," resulting in total permanent incapacity, and, in the alternative, in the lesser degrees of incapacity, occasioned by an accident received in the course of his employment. That he was employed by J. E. Morgan & Sons for practically the whole of 12 months preceding the date of his injuries, and was paid $12 per week during the period of his employment, thus his compensation rate was $7.20 per week for a period of 401 weeks. He further alleged that "he has agreed with his attorneys to pay them one-third (⅓) of all amounts recovered in this suit; that the compensation rate is so small, especially with the deduction of his attorney fees, it is insufficient to support him and his family"; asked for payment in a lump sum.

The insurance carrier filed a plea to the jurisdiction of the court, based upon an insufficient claim for compensation filed and presented to the Industrial Accident Board, on which the award of the board was predicated; also, filed a general demurrer, a general denial, and special answer.

The cause was tried to a jury and, in response to special issues, the jury found all essential elements for plaintiff to recover against the defendant under the Workmen's Compensation Law of Texas (Vernon's Ann.Civ.St. art. 8306 et seq.) for total

permanent incapacity, at an average weekly wage of $12, payable in a lump sum.

On the verdict of the jury, judgment was entered in favor of the plaintiff and against the defendant for the sum of $2,512, being the present cash value of the minimum wage rate for total permanent disability, with interest at the rate of 6 per cent. per annum from date of the judgment; and that "Webb & Webb, a firm composed of G. P. Webb and Spearman Webb, do have and recover an undivided one-third (⅓) of this judgment; and, of said judgment two-thirds (⅔) be paid to said plaintiff, Homer Howell, and one-third (⅓) of same to be paid to attorneys, Webb & Webb."

The defendant perfected its appeal by the filing of the statutory supersedeas bond in the sum of $6,000, payable to the plaintiff Homer Howell and "to G. P. Webb and Spearman Webb, composing the co-partnership law firm of Webb & Webb."

On March 23, 1937, appellant filed in this court a motion for final judgment, based upon a written agreement accompanying the motion, showing that appellant and appellee, without the knowledge, acquiescence, or consent of their respective attorneys, perfected a full and final settlement of this suit; and that appellee fully released appellant from all liability to him upon his claim for compensation involved in this cause and awarded to him by the judgment of the trial court. The agreement shows that, in consideration of said release of judgment, the appellant has already paid to the appellee the sum of $450, thereby in effect admitting its liability, and causing the assignments on this appeal to become moot. The non-existence of an actual controversy between the parties to the suit relieves the appellate court of the essential requisite for jurisdiction to determine the asisgnments of error, and, by reason of the matters subsequently transpiring, the appeal will be dismissed.

 Plaintiff's counsel in this case, strictly speaking, are not parties litigant, therefore, the jurisdiction of the court is not invoked upon any controversy between the counsel and the appellant. Therefore, the interest of the counsel fixed and determined by the trial court is not affected by the action of the litigant. Whatever rights the attorneys have in the litigation and the judgment rendered in favor of appellee is of a contractual nature, and,

perforce of the statute, the trial court was empowered to fix and allow said attorneys the interest awarded to them in said judgment.

Section 3, article 8306, of the statute (Vernon's Ann.Civ.St.) expressly provides that no compensation recovered under a policy of workmen's compensation insurance shall be assigned, except as specially authorized by law, and that "any attempt to assign the same shall be void." Sections 7c and 7d, of article 8306, deal with attorneys' fees in workmen's compensation suits. Section 7c deals with the attorney fee before the Industrial Accident Board, and section 7d, with fees on appeal to trial courts; each section providing that the statutory limits for contractual attorneys' fees shall "be fixed and allowed by the trial court" or the Industrial Accident Board, in which such matters may be heard and determined. The statute gives to the attorney representing a claimant no cause of action against the insurance carrier. It only authorizes a valid contract to be made retaining and compensating such attorneys for services rendered. The judgment, therefore, fixing and allowing the contractual attorney fees to Webb & Webb, attorneys of record in this case within the limits allowed by law, establishes in them a beneficial interest in said judgment to an undivided one-third of the judgment rendered in favor of the plaintiff against the defendant, having the effect of a legal assignment for the purposes expressly allowed by the statute. With this title and ownership go all of the rights and privileges which follow the ownership of any like property, however acquired, and reserves to the attorneys the right of enforcement in their own name, regardless of the action of their client. Indeed, the appellant and the appellee have the right to compromise and settle their own controversy and interest in the judgment, and effectively dismiss the appeal; but they cannot control or settle the rights of the attorneys in the judgment, without their knowledge or consent, thus depriving them of the fruits of their services rendered in the case. They are entitled to their execution.

 The right of appeal rests only in an aggrieved party to a lawsuit. Therefore, appellant and appellee having settled the lawsuit, it should seem that appellant is not now aggrieved by and cannot assign error on the judgment under the circumstances. It necessarily follows that, in our

opinion, appellant has affirmatively been shown to have no further interest in the subject matter of the judgment appealed from, and that the appeal prosecuted by it should be dismissed, and it is so ordered.

Appeal dismissed.