## CONSOLIDATED UNDERWRITERS v. TREVINO.

### No. 10575.

Court of Civil Appeals of Texas. San Antonio.

Jan. 4, 1939.

Rehearing Denied Feb. 15, 1939.

Benbow, Saunders & Holliday, of Houston, for appellant.

Hayden C. Covington, of San Antonio, for appellee.

SMITH, Chief Justice.

This is a workmen's compensation case, in which Daniel Trevino, the employee, recovered judgment in the court below against appellant, Consolidated Underwriters, the insurance carrier, for a lump sum of $2,214.65, with interest, of which amount one-third was awarded to Hayden C. Covington, as attorney's fee for representing said Trevino in the case. The appeal of the insurance carrier was duly perfected and is now pending in this Court.

Appellant and appellee, Trevino, have filed their joint motion in this Court, alleging that they had "agreed to settle and compromise said suit and all things involved therein in so far only as they effect the recovery of said Daniel Trevino but not in anywise effecting the recovery of Hayden C. Covington, subject to the approval of the trial court upon this cause being remanded to it." And they further allege and pray:

"That appellant and appellee have agreed to settle said suit in so far as the interest of said Daniel Trevino is concerned, for the sum of Eight Hundred and no/100 ($800.00) Dollars representing his two-thirds (⅔) interest in said judgment and in said suit, leaving the other one-third (⅓) awarded to said Hayden C. Covington just as it was without respect to such settlement.

"Wherefore appellant and appellee pray that this Honorable Court enter an order herein reversing and remanding this cause to said District Court in order that an agreement judgment may be entered therein settling the matters and things involved in this suit in accordance with the agreement above mentioned."

It is asserted by Covington and conceded by appellant and appellee that the agreement for settlement was entered into by appellant and appellee without the consent, and over the protest, of Covington, who has filed herein his reply to said joint motion to reverse and remand, contesting the same for various reasons not necessary to mention

here, but none of which are regarded as affecting the relief prayed for in said motion.

■ We have concluded that this Court has no power to grant the specific relief prayed for by appellant and appellee; that is to say, to reverse the judgment in favor of the employee, and remand·the cause as between the insurance carrier and the employee, and at the same time retain jurisdiction over the appeal insofar only as it affects the award of attorney's fees to counsel for appellee, who is not a party to the suit or·the appeal. The jurisdiction of this Court has not been invoked to determine any controversy between appellant and counsel for appellee, whose rights, although indissolubly linked to those of appellee in the trial court, cannot be affected by private agreement between appellant and appellee in this Court. Texas Employers' Ins. Ass'n v. Howell, Tex.Civ.App., 107 S.W.2d 391.

■ Appellant and appellee having joined in an agreement that the judgment against the former in favor of appellee be reversed and the cause as between them remanded in order to submit to the trial court for approval, and there reduce to judgment, their compromise agreement to settle, they are entitled to that relief, and as between them the judgment will be reversed and the cause remanded for that purpose. But the appeal will be dismissed insofar as it affects the judgment in favor of Covington as attorney for appellee. Costs of the appeal will be taxed against appellant.

Reversed and remanded in part, and appeal dismissed in part.

### On Motion for Rehearing.

Appellant has filed motion for rehearing of its motion to remand the entire case.

■ Appellant has included in its motion for rehearing a number of assignments of error upon the main case, none of which were embraced in its original motion. They have no place in the motion for rehearing, and will not be considered as a part thereof.

We see no reason for receding from the original disposition of appellant's. motion. In Texas Employers' Ins. Ass'n v. Howell, Tex.Civ.App., 107 S.W.2d 391, 392, cited in the original opinion, the insurance carrier and the employee settled their controversy pending appeal, as between themselves, and without regard to the employee's counsel, who, as in this case, had been awarded one-third of the judgment recovered by appellee, his client. The insurance company and

the employee joined in a motion in the Court of Civil Appeals for final judgment as between them. The court held that as the matters in controversy between the insurance carrier and employee had been finally settled, the entire appeal had become moot, and would be dismissed. In disposing of the appeal Justice Bond uses this apt language:

"* * * The non-existence of an actual controversy between the parties to the suit relieves the appellate court of the essential requisite for jurisdiction to determine the assignments of error, and, by reason of the matters subsequently transpiring, the appeal will be dismissed.

"Plaintiff's counsel in this case, strictly speaking, are not parties litigant, therefore, the jurisdiction of the court is not invoked upon any controversy between the counsel and the appellant. Therefore, the interest of the counsel fixed and determined by the trial court is not affected by the action of the litigant. Whatever rights the attorneys have in the litigation and the judgment rendered in favor of appellee is of a contractual nature, and, perforce of the statute, the trial court was empowered to fix and allow said attorneys the interest awarded to them in said judgment.

"Section 3, article 8306, of the statute (Vernon's Ann.Civ.St.) expressly provides that no compensation recovered under a policy of workmen's compensation insurance shall be assigned, except as specially authorized by law, and that 'any attempt to assign the same shall be void.' Sections 7c and 7d, of article 8306, deal with attorneys' fees in workmen's compensation suits. Section 7c deals with the attorney fee before the Industrial Accident Board, and section 7d, with fees on appeal to trial courts; each section providing that the statutory limits for contractual attorneys' fees shall 'be fixed and allowed by the trial court' or the Industrial Accident Board, in which such matters may be heard and determined. The statute gives to the attorney representing a claimant no cause of action against the insurance carrier. It only authorizes a valid contract to be made retaining and compensating such attorneys for services rendered. The judgment, therefore, fixing and allowing the contractual attorney fees to Webb & Webb, attorneys of record in this case within the limits allowed by law, establishes in them a beneficial interest in said judgment to an undivided one-third of the judgment rendered

in favor of the plaintiff against the defendant, having the effect of a legal assignment for the purposes expressly allowed by the statute. With this title and ownership go all of the rights and privileges which follow the ownership of any like property, however acquired, and reserves to the attorneys the right of enforcement in their own name, regardless of the action of their client. Indeed, the appellant and the appellee have the right to compromise and settle their own controversy and interest in the judgment, and effectively dismiss the appeal; but they cannot control or settle the rights of the attorneys in the judgment, without their knowledge or consent, thus depriving them of the fruits of their services rendered in the case. They are entitled to their execution.

"The right of appeal rests only in an aggrieved party to a lawsuit. Therefore, appellant and appellee having settled the lawsuit, it should seem that appellant is not now aggrieved by and cannot assign error on the judgment under the circumstances. It necessarily follows that, in our opinion, appellant has affirmatively been shown to have no further interest in the subject matter of the judgment appealed from, and that the appeal prosecuted by it should be dismissed, and it is so ordered."

Appellant's motion for rehearing will be overruled.