**J. STILES, INC., Appellant,**

v.

**Jack EVANS, et ux. Mary Kay Evans, Appellees.**

**No. 05–83–00490–CV.**

Court of Appeals of Texas, Dallas.

Aug. 5, 1983.

C. Thomas Wesner, Jr., Dallas, for appellant.

Bill W. Bailey, Boyd Waggoner, Royal H. Bain Jr., Dallas, for appellees.

Before GUITTARD, C.J., and AKIN and CARVER, JJ.

GUITTARD, Chief Justice.

Appellee Jack Evans moves to strike certain instruments filed by appellant J. Stiles, Inc. in an attempt to suspend execution of judgment. We hold that Stiles did not file a proper supersedeas bond under Tex.R. Civ.P. 364 nor did it deposit a negotiable instrument in lieu of bond as permitted by Tex.R.Civ.P. 14c. Consequently, we grant the motion.

In lieu of a supersedeas bond, Stiles filed several papers in the trial court. These include a "certificate in lieu of supersedeas bond," a copy of a certificate of deposit issued to Stiles by the American National Bank, an assignment of the principal amount of this certificate of deposit as collateral for the supersedeas bond, and a consent to the assignment by the bank stating that the bank would release the instrument upon demand by the Dallas County district clerk.

■ The "certificate in lieu of supersedeas bond" filed by appellant resembles a supersedeas bond, but it does not provide for a surety. Consequently, it is not a sufficient supersedeas bond within the meaning of Rule 364. *Elliott v. Lester,* 126 S.W.2d 756, 759 (Tex.Civ.App.—Dallas 1939, no writ). *See also Universal Automobile Insurance Co. v. Culberson,* 51 S.W.2d 1071, 1072 (Tex.Civ.App.—Waco 1932, no writ).

■ Neither does the certificate provide evidence of a deposit in lieu of bond within rule 14c of the Texas Rules of Civil Procedure. That rule provides:

Wherever these rules provide for the filing of a surety bond, the party may in lieu of filing the bond deposit cash or other negotiable obligation of the government of the United States of America or any agency thereof, or with leave of court, deposit a negotiable obligation of any bank or savings and loan association chartered by the government of the United States of America or any state thereof that is insured by the government of the United States of America or any agency thereof, in the amount fixed for the surety bond, conditioned in the same manner as would be a surety bond for the protection of other parties. Any interest thereon shall constitute a part of the deposit.

The papers filed by Stiles do not show that Stiles has deposited a negotiable instrument with the court, as the rule requires. They show that Stiles has assigned as "collateral" for the suretyless bond a bank's certificate of deposit payable to Stiles, but that this certificate is retained by the bank. Also, Stiles assigned only the principal amount of the certificate, reserving the right to all interest payments. Rule 14c expressly provides that any interest on the negotiable

instrument deposited shall become part of the deposit.

■ Because Stiles has failed to comply with rule 364 and rule 14c, we hold that Stiles has failed to suspend execution of judgment. Accordingly, appellee's motion to strike is granted. However, we allow Stiles twenty days from the date of issuance of this opinion to file with our clerk a proper cost or supersedeas bond or to make a deposit in lieu thereof in the trial court and file a copy of the certificate with our clerk in compliance with the applicable rules of civil procedure. *See* Tex.R.Civ.P. 365, 366.

It is so ordered.