**MERCANTILE BANK & TRUST, Appellant,**

v.

**Eileen CUNOV, Appellee.**

**No. 04–87–00238–CV.**

Court of Appeals of Texas, San Antonio.

July 22, 1987.

Howard Newton, Judith Blakeway, San Antonio, for appellant.

Louis LeLaurin, San Antonio, for appellee.

Before CADENA, C.J., and BUTTS and CANTU, JJ.

## OPINION

PER CURIAM.

Appellee, Eileen Cunov, has filed a motion challenging the sufficiency of instruments filed by appellant, Mercantile Bank and Trust, in an attempt to suspend execution of the judgment. She asks us to strike the certificate of the district clerk which states that appellant has made a cash bond in lieu of a supersedeas bond, and to require the filing of an additional bond or deposit in conformity with the requisites of Rules 47 and 48.[1] Rule 48 states that wherever the rules provide for the filing of a surety bond, a party may, in lieu of filing the bond,

> deposit cash or a negotiable obligation of the government of the United States of America or any agency thereof, ... in the amount fixed for the surety bond, conditioned in the same manner as would be a surety bond for the protection of other parties....

Because appellant has failed to satisfy the requirements of this rule, we grant appellee's motion.

The district clerk's certificate states that appellant:

> ... has this day deposited with the District Clerk negotiable obligations of the United States of America in the amount of $1,300,000.00, as authorized by Rule 48 of the Texas Rules of Appellate Procedure, payable to the order of DAVID J. GARCIA, DISTRICT CLERK of Bexar County, Texas, conditioned that Mercantile Bank & Trust shall prosecute its appeal with effect; and in case the judgment or decree of the Court of Appeals or the Supreme Court of Texas shall be against it, it shall perform its judgment, and pay all such damages as said court may award against it.

Appellant has not, however, deposited negotiable obligations with the clerk as Rule 48 requires. What is on deposit with the clerk are two non-negotiable receipts from the safekeeping department of the NBC Bank of San Antonio. The receipts indicate that Federal Home Loan Bank notes of the par value of $300,000.00, and Federal National Mortgage Association bonds of the par value of $1,000,000.00 are in safekeeping at the NBC Bank "for the account of Mercantile Bank and Trust." These non-negotiable receipts do not, of course, satisfy the deposit or negotiability requirements of Rule 48. That rule plainly requires the deposit of the instruments themselves with the clerk. Appellee, if successful on appeal, cannot reach these bonds and notes in appellant's account no more than she could reach cash deposited in appellant's account. For this reason it is not sufficient that cash or negotiable instruments merely be "set aside" for appellee in appellant's account; they must be deposited with the clerk. *See* Rule 46(b).

The deposit is further insufficient to suspend execution on the judgment because the instruments are not payable to appellee as required by Rule 47(a). They are not even payable to the district clerk as his certificate states. The receipts are "for the account of" appellant and are merely "pledged" to the clerk under undisclosed conditions. Finally, the receipts are not conditioned in the manner required by Rules 47 and 48. There is no indication that appellant "shall prosecute his appeal ... with effect" or perform the judgment if appellant is unsuccessful on appeal. *See* Rule 47(a). The only such conditioning appears in the clerk's certificate. Rule 48 expressly requires that the instruments be so conditioned—not that the clerk say they are, when in fact they are not.

The party obtaining judgment has a statutory right to obtain execution pending appeal unless and until the judgment debtor properly supersedes that judgment. *Merrell v. Fanning & Harper*, 597 S.W.2d 945, 950 (Tex.Civ.App.—Tyler 1980, no writ). The purpose of posting supersedeas security is to assure payment of damages occasioned by the appeal. *Weber v. Walker*, 591 S.W.2d 559, 563 (Tex.Civ.App.—Dallas 1979, no writ). Each requirement of the supersedeas rules is designed to insure that an appellee who prevails on appeal, but whose right to execute on the judg-

---

1. All references to rules are to the Texas Rules of Appellate Procedure.

ment has been suspended, can effectively collect that judgment. It is a hollow victory for such an appellee to find that the instruments securing his costs are non-negotiable, or that they are deposited beyond his reach in appellant's account rather than with the district clerk. An appellee has nothing at that point but the prospect of another lawsuit; this one to collect the judgment he won at trial and had upheld on appeal.

Because appellant has failed to comply with Rules 47 and 48, it has failed to suspend execution of the judgment. *J. Stiles, Inc. v. Evans*, 658 S.W.2d 676, 678 (Tex. App.—Dallas 1983, no writ). Appellee's motion is granted.

CADENA, C.J., concurs without opinion.