Bob HANNA, Appellant,

v.

Phillip GODWIN, Appellee.

No. 08–93–00277–CV.

Court of Appeals of Texas,
El Paso.

March 25, 1994.

Sam Moore, Abilene, for appellant.

Ruff Ahders, Ruff Ahders, Associated, Odessa, Larry Zinn, San Antonio, for appellee.

Before BARAJAS, C.J., and KOEHLER and McCOLLUM, JJ.

## OPINION

BARAJAS, Chief Justice.

This is an attempted appeal of a dispute over the award of attorney's fees. Appellant, Bob Hanna, appeals the judgment entered in favor of Appellee, Phillip Godwin. In two points of error, Appellant alleges the trial court below abused its discretion in its award of attorney's fees; and, further, that the court erred in denying his motion to recuse the trial judge. We dismiss the cause as moot without reference to the merits of the appeal.

## I. *SUMMARY OF THE EVIDENCE*

The case before us originated out of a worker's compensation case under the old worker's compensation laws. TEX.REV.CIV. STAT.ANN. art. 8306, § 7d (Vernon 1993). The record shows that Appellee was originally hired by William Heard to represent him in a claim for an injury he received in October 1989 while in the course and scope of his employment. He signed a power of attorney in which he agreed that the attorney's fees would be governed by and be subject to the then-existing provisions of the Workers' Compensation Law and that the sum would be 25 percent of the total recovery. He also agreed that all reasonable and necessary expenses and monies advanced to him would be paid out of his recovery. Appellee filed the claim with the Industrial Accident Board and perfected an appeal from its award. The record shows that he presented his client for deposition, sent interrogatories and request for admissions to the carrier, and answered interrogatories sent to his client. He filed, with an affidavit, complete medical reports and hospital records in the case. At the prehearing conference, he offered to settle the case for $40,000 and the carrier offered to pay $7,500. The Board award was $22,-405.46. The carrier's offer was subsequently increased to $30,000 following back surgery, but that offer was rejected.

The record further shows that on March 5, 1991, Heard approached Appellee wanting to borrow from $500 to $1,000. Appellee loaned him $200, which made his total advances to his client $1,768. Just six days later, on March 11, 1991, Appellee received a letter from Heard requesting that he "withdraw immediately from my case." The letter said "I have never been completely comfortable with your handling of my claim." It recognized an obligation to pay Appellee for his time and expenses and requested a bill for those items. On that same day, Heard signed a power of attorney for Appellant to represent him and obtained a loan from Appellant in the amount of $1,000.[1] On April 11, 1991, the trial court signed an order substituting Appellant as attorney of record for William Heard.

On April 25, 1991, Appellee filed a Petition in Intervention in which he sought to recover his expenses, advances, and attorney's fees. On May 9, 1991, Appellant settled the case with Liberty Mutual for $38,500 and with medical expenses open for three years.

A hearing on Appellee's Petition in Intervention was held. The evidence established that Appellee spent approximately 50–60 hours on the case, while Appellant testified that he did not meet Heard until the day Appellee's Petition in Intervention was heard. In fact, Appellant's son, a member of Appellant's firm, testified that Appellant's firm put a total of 5 to 6 hours in the Heard case which included all personnel at the firm—paralegals, secretaries, and lawyers combined. After hearing the evidence, the trial court entered an order awarding Appellee the 25 percent statutory attorney's fees of $9,625, plus expenses of $196.50 and advances of $1,768. He also ordered reimbursement to Appellant for expenses and advances, but nothing for attorney's fees. Appellant appealed the order. On initial review, this Court reversed and remanded, holding that the award of no attorney's fees to Appellant was an abuse of discretion. *See Heard v. Liberty Mut. Fire Ins. Co.*, 828 S.W.2d 457 (Tex.App.—El Paso 1992, writ denied).

On remand, Appellant moved to recuse the trial judge based upon his previous rulings in the first Petition in Intervention. The Mo-

---

1. Heard and Appellant likewise signed a standard worker's compensation contract which called for attorney's fees equaling 25 percent of the award recovered.

tion to Recuse was denied. The parties further agreed to use the record from the first appeal in the second hearing. The trial court, after considering the evidence, awarded Appellee attorney's fees equaling 25 percent of $30,000 or $7,500. The trial court further awarded Appellant attorney's fees equaling 25 percent of $8,500 or $2,125. Each attorney was awarded his respective advances and expenses. Appellant appeals the award of attorney's fees.[2] We will address Appellant's contentions in reverse order.

## II. DISCUSSION

■ In Point of Error No. Two, Appellant contends that the trial court abused its discretion in its distribution of the attorney's fees.

We note at the outset, that the record in the instant case shows that final judgment was entered April 21, 1993. Findings of Fact and Conclusions of Law were filed on May 12, 1993. Appellant's cost bond on appeal was timely filed on June 11, 1993. The record further shows that Appellant wholly failed to file a supersedeas bond to suspend the execution of the judgment below.[3] TEX. R.CIV.P. 634.

On September 8, 1993, Appellant filed his brief. Appellee's response was filed on No-

vember 2, 1993. On November 4, 1993, Appellant, through counsel, was advised by Appellee's counsel as follows:

It has been called to my attention that you and Mr. Hannah [sic] chose not to file a Supersedeas Bond in this case. Accordingly, we request that you release the funds now being held by Mr. Hannah [sic] in his Escrow Account to Mr. Godwin per the Order on Petition in Intervention signed by Judge Hollmann [sic] on April 21, 1993. If Mr. Godwin has not received those funds within the next ten days, we will request that execution issue.

On November 16, 1993, Check No. 4451 in the amount of $7,500 was forwarded to Appellee as attorney's fees in settlement of the only portion of the judgment that is contested on appeal. The above check was drawn on Appellant's "Settlement Account." Nonetheless, on January 7, 1994, the parties were advised that the matter was set for submission on oral argument in Odessa, Texas on February 18, 1994.[4] The case was argued in Odessa, at which time Appellant advised this Court for the first time that payment on the disputed attorney's fees had already been made.

■ When a judgment debtor voluntarily pays his debt to the judgment creditor, that debtor will have no right to appeal the

---

2. As noted above, the judgment of the trial court, entered April 21, 1993, awarded Appellee attorney's fees equaling 25 percent of $30,000 or $7,500. The trial court further awarded Appellant attorney's fees equaling 25 percent of $8,500 or $2,125. Each attorney was awarded his respective advances and expenses. Appellant has limited the substantive portion of his appeal as follows:

The trial court abused its discretion in awarding the seven thousand five hundred dollars ($7,500.00) attorney fee to Appellee and two thousand one hundred twenty-five dollars ($2,125.00) attorney fee to Appellant.

Appellant does not complain of that portion of the judgment which relates to the award of expenses, advances and costs. Thus, the only substantive issue before this Court touches on the issue of attorney's fees.

3. The party obtaining judgment has a statutory right to obtain execution pending appeal unless and until the judgment debtor properly supersedes that judgment. *Anderson v. Lykes*, 761 S.W.2d 831, 833 (Tex.App.—Dallas 1988, no

writ); *Mercantile Bank & Trust v. Cunov*, 733 S.W.2d 717, 718 (Tex.App.—San Antonio 1987, mandamus overruled); *Merrell v. Fanning & Harper*, 597 S.W.2d 945, 950 (Tex.Civ.App.—Tyler 1980, no writ); TEX.R.CIV.P. 627. The purpose of a supersedeas bond is to secure the appellee and abate the remedies he would otherwise have for realizing his judgment. *Edlund v. Bounds*, 842 S.W.2d 719, 732 (Tex.App.—Dallas 1992, writ denied); *Carter Real Estate & Dev., Inc. v. Builder's Serv. Co.*, 718 S.W.2d 828, 830 (Tex.App.—Austin 1986, no writ); *Weber v. Walker*, 591 S.W.2d 559, 563 (Tex.Civ.App.—Dallas 1979, no writ). Each requirement of the supersedeas rules is designed to insure that an appellee who prevails on appeal, but whose right to execute on the judgment has been suspended, can effectively collect that judgment. *Mercantile Bank & Trust v. Cunov*, 733 S.W.2d at 719.

4. The panel designated to consider the instant appeal traveled from El Paso to Odessa, a distance of 286 miles for the purpose of affording the parties the opportunity of presenting oral argument.

judgment. Payment of the judgment renders the appeal moot. *Brown v. KPMG Peat Marwick*, 856 S.W.2d 742, 750 (Tex.App.—El Paso 1993, writ denied) *citing Continental Casualty Co. v. Huizar*, 740 S.W.2d 429, 430 (Tex.1987) and *Highland Church of Christ v. Powell*, 640 S.W.2d 235, 236 (Tex.1982). In that regard, it is a fundamental principle of appellate review that a party on appeal may not complain of errors that do not injuriously affect him or that merely affect the rights of others. *Buckholts Indep. School Dist. v. Glaser*, 632 S.W.2d 146 (Tex.1982); *Jackson v. Fontaine's Clinics, Inc.*, 499 S.W.2d 87, 92 (Tex.1973); *County of El Paso v. Ortega*, 847 S.W.2d 436, 442 (Tex.App.—El Paso 1993, no writ).[5]

■ The right to appeal rests only in an aggrieved party to a lawsuit. *Southern Nat'l Bank of Houston v. City of Austin*, 582 S.W.2d 229, 235 (Tex.Civ.App.—Tyler 1979, writ ref'd n.r.e.); *Comm'rs Court of Dallas County v. Cole*, 538 S.W.2d 267, 268 (Tex.Civ. App.—Dallas 1976, no writ) *citing McFarling v. Lapham*, 489 S.W.2d 435 (Tex.Civ.App.— Beaumont 1972, writ ref'd n.r.e.) and *Texas Employers Ins. Ass'n v. Howell*, 107 S.W.2d 391, 392 (Tex.Civ.App.—Dallas 1937, writ dism'd). An aggrieved party is one who has a justiciable interest recognized by law which is injuriously affected by the trial court's judgment. *Southern Nat'l Bank of Houston v. City of Austin*, 582 S.W.2d at 235. In order to be a justiciable interest, there must be an actual controversy between parties who have conflicting personal stakes. *City of West Univ. Place v. Martin*, 132 Tex. 354, 123 S.W.2d 638, 639 (1939); *Southern Methodist Univ. v. Times Herald Printing Co.*,

729 S.W.2d 129, 130 (Tex.App.—Dallas 1987, no writ). Texas courts only have power over litigants with justiciable interests. *Morrow v. Corbin*, 122 Tex. 553, 62 S.W.2d 641, 647 (1933); *Camarena v. Texas Employment Com.*, 754 S.W.2d 149, 151 (Tex.1988). When there has ceased to be a controversy between the litigating parties, the decision of an appellate court would be a mere academic exercise. When events occur after a judgment which renders the issue before the appellate court moot, the court may not decide the appeal. *See Gen. Land Office v. OXY U.S.A., Inc.*, 789 S.W.2d 569, 570–71 (Tex. 1990).

■ As noted above, on November 16, 1993, Appellant forwarded Check No. 4451 in the amount of $7,500. The check drawn on Appellant's "Settlement Account," was forwarded to Appellee as attorney's fees in settlement of the only portion of the judgment which is contested on appeal. At oral argument, Appellant conceded that the above sum was in fact forwarded to Appellee. Having satisfied the judgment below, we conclude that Appellant lacks the requisite justiciable interest to pursue this appeal. Absent that justiciable interest, any opinion rendered by this Court as to whether or not the trial court abused its discretion in the distribution of attorney's fees would be advisory in nature.[6] Neither the Texas Constitution nor our State legislature has vested this Court with the authority to render advisory opinions. *See* TEX. CONST. art. II, § 1; *Camarena v. Tex. Employment Comm'n*, 754 S.W.2d at 151; *Brown v. KPMG Peat Marwick*, 856 S.W.2d at 751; *County of El Paso v. Ortega*, 847 S.W.2d at 442.

---

5. Other cases reflecting this universally recognized rule include: *K.B. v. N.B.*, 811 S.W.2d 634, 641 (Tex.App.—San Antonio 1991, writ denied); *Sheldon L. Pollack Corp. v. Falcon Indus., Inc.*, 794 S.W.2d 380, 384 (Tex.App.—Corpus Christi 1990, writ denied); *Ferguson v. DRG/Colony North, Ltd.*, 764 S.W.2d 874, 885 (Tex.App.— Austin 1989, writ denied); *Adams v. Petrade Int'l, Inc.*, 754 S.W.2d 696 (Tex.App.—Houston [1st Dist.] 1988, writ denied); *Singleton v. Terrel*, 727 S.W.2d 688, 691 (Tex.App.—Texarkana 1987, no writ); *Hawkins v. Texas Oil and Gas Corp.*, 724 S.W.2d 878, 890 (Tex.App.—Waco 1987, writ ref'd n.r.e.); *Pierson v. Houston Indep. School Dist.*, 698 S.W.2d 377, 381 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.); *Valero v.*

*State*, 664 S.W.2d 728, 730 (Tex.App.—Beaumont 1983, writ ref'd n.r.e.); *Determan v. Irving*, 609 S.W.2d 565, 568 (Tex.Civ.App.—Dallas 1980, no writ); *Houston v. Pub. Utility Comm'n*, 599 S.W.2d 687, 689 (Tex.Civ.App.—Austin 1980, writ ref'd n.r.e.).

6. Moreover, it is generally recognized that a litigant may not treat a judgment as both right and wrong, and if he accepts the benefits of a judgment he will not be heard on an appeal therefrom. *Graham v. Caballero*, 243 S.W.2d 286, 287 (Tex.Civ.App.—El Paso 1951, writ ref'd n.r.e.), *citing Carle v. Carle*, 149 Tex. 469, 234 S.W.2d 1002 (1950).

Appellant, having settled with Appellee by voluntarily paying the contested amount in satisfaction of the judgment, is not aggrieved by the judgment below. Therefore, the appeal from the order of distribution of attorney's fees is moot. When an appeal becomes moot, the appellate court is required to dismiss the cause of action, not merely the appeal. *Garland v. Louton,* 691 S.W.2d 603, 604–05 (Tex.1985); *Brown v. KPMG Peat Marwick,* 856 S.W.2d at 751.

Appellee, in his sole cross-point, suggests that he is entitled to damages pursuant to Tex.R.App.P. 84 because Appellant has taken this appeal for delay and without sufficient cause.

TEX.R.APP.P. 84 provides that in civil cases where the court of appeals determines that an appellant has taken an appeal for delay and without sufficient cause, it may, as part of its judgment, award each prevailing appellee an amount not to exceed ten percent of the amount of damages awarded to such appellee as damages against such appellant. The imposition of such damages shall not authorize the court to consider allegations of error that have not been otherwise properly preserved or presented for appellate review. TEX.R.APP.P. 84.

We have prudently, cautiously, and carefully looked at the instant case from the point of view of the advocate and find that Appellant's statutory right of appeal was not intentionally abandoned, although the contested sum was voluntarily paid. All appellate timetables were otherwise met, and both parties appeared and zealously argued their respective cases. Although this Court has not exhibited any reservation in imposing sanctions pursuant to TEX.R.APP.P. 84, *see Girdley v. Southwestern Bell Yellow Pages, Inc.,* 869 S.W.2d 409 (Tex.App.—El Paso 1993, writ requested), we decline to do so in the instant case. Appellee's sole cross-point is overruled.

Having overruled Appellee's sole cross-point of error, and having further found Appellant lacking the requisite justiciable interest to maintain this appeal, we need not address Appellant's remaining point of error. We dismiss Appellant's cause of action.