# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00392-CV

**Margie Breaux, Appellant**

**v.**

**Texas Department of Protective and Regulatory Services, Gayle Adams,
and Richard Adams, Appellees**

**FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT
NO. C2002-097A, HONORABLE JACK H. ROBISON, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Margie Breaux appeals from the trial court's judgment appointing Gayle and Richard Adams as managing conservators of the child C.J., Gayle Adams's nephew and Breaux's grandson. Breaux was appointed possessory conservator. Breaux, who acts *pro se*, asserts generally that the trial court incorrectly appointed the Adamses as managing conservators.[1] We will affirm the trial court's judgment.

---

[1] Breaux has represented herself *pro se* for most of this litigation, which does not excuse her from complying with applicable rules of procedure: "Neither is it [the right of self-representation] a license not to comply with the relevant rules of procedural and substantive law." *Faretta v. California,* 422 U.S. 806, 834 n.46 (1975). As stated by the Texas Supreme Court:

> There cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves. Litigants who represent themselves must comply with the applicable procedural rules, or else they would be given an unfair advantage over litigants represented by counsel.

*Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978); *Chandler v. Chandler*, 991 S.W.2d 367, 378-79 (Tex. App.—El Paso 1999, pet. denied).

**Background**

C.J., the child of Candice Walz and Gregory Johnson, was born in Houston, Texas on December 24, 2001. Shortly after C.J.'s birth, the family relocated to Canyon Lake, Texas, where they stayed with Johnson's sister and brother-in-law, Gayle and Richard Adams. In January 2002, the Texas Department of Protective and Regulatory Services (the "Department") received referrals concerning C.J. The Department filed its "Original Petition for Protection of a Child, for Conservatorship, and for Termination in Suit Affecting the Parent-Child Relationship" seeking to terminate the parental rights of Walz and Johnson. After a hearing in which the parents were represented by counsel, the Department was appointed temporary managing conservator. During the year in which the case was pending, Walz and Johnson failed to participate in services, failed to stay in contact with the Department, and failed to maintain regular visitation with C.J. Gayle and Richard Adams intervened in this suit seeking managing conservatorship of the child, as did Breaux, Walz's mother.

The trial on the merits was held in January 2003. Before trial, both Candice Walz and Greg Johnson executed an affidavit of relinquishment of parental rights.[2] Each parent was represented by counsel. At trial, the court reviewed the affidavits, found that termination of parental rights was in the child's best interests, and terminated Walz's and Johnson's parental rights.

The jury heard the conservatorship issue, but was unable to reach a verdict. Rather than have the trial court declare a mistrial, the Adamses and Breaux agreed to accept the decision

---

[2] Tex. Fam. Code Ann. § 161.103 (West Supp. 2004). Neither Walz nor Johnson appeared at trial.

of the nine jurors who were in agreement as to which party should be C.J.'s managing conservator as their settlement of the case, without knowing who the nine jurors had selected. The parties' settlement agreement, including provisions allowing supervised visitation by Walz, was read into the record of the case and is incorporated into the final judgment.[3]

## Discussion

It is difficult to ascertain Breaux's precise legal issue.[4] Basically, she complains that the court should have appointed her to be C.J.'s managing conservator. She further complains that the court should not have terminated Walz's parental rights. However, Walz voluntarily relinquished her parental rights. *See* Tex. Fam. Code Ann. § 161.103 (West Supp. 2004). Walz was represented by counsel throughout the process and does not appeal the termination.

Further, it is doubtful that Breaux has standing to complain of the termination of Walz's parental rights. In general, a party cannot complain on appeal of errors that do not injuriously affect her or that merely affect the rights of others. *See Buckholts Indep. Sch. Dist. v. Glaser*, 632

---

[3] The court also made findings that the conservatorship appointments were in the child's best interest.

[4] Breaux's brief does not comply with the briefing requirements in the Rules of Appellate Procedure. *See generally* Tex. R. App. P. 38. The brief and appendix consist of several hundred unnumbered pages divided into three volumes, one of which consists mostly of various articles from organizations with grievances against child protective services entities. Although this Court generally construes *pro se* briefs liberally, *pro se* litigants are held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure. *See Shull v. United Parcel Serv.*, 4 S.W.3d 46, 52-53 (Tex. App.—San Antonio 1999, pet. denied); *White v. Cole*, 880 S.W.2d 292, 294 (Tex. App.—Beaumont 1994, writ denied). Rules of procedure are readily accessible and are intended to help clarify issues, expedite resolutions, and ensure accurate decisions. *See* Tex. R. Civ. P. 1; *In re Caldwell*, 918 S.W.2d 9, 10 (Tex. App.—Amarillo 1995, order). Nevertheless, with these briefing deficiencies in mind, we will address Breaux's issues to the extent possible.

S.W.2d 146, 150 (Tex. 1982); *Hanna v. Godwin*, 876 S.W.2d 454, 457, 457 n.5 (Tex. App.—El Paso 1994, no writ) (fn. lists other cases reflecting this rule). This general rule has been applied in termination cases. *See In re D.C.*, 128 S.W.3d 707, 713 (Tex. App.—Fort Worth 2004, no pet.) (mother had no standing on appeal to raise issue concerning service by publication on unknown biological father who did not appeal); *In re B.B.*, 971 S.W.2d 160, 163 (Tex. App.—Beaumont 1998, pet. denied) (mother could not appeal termination of father's parental rights when father did not appeal), *disapproved of on other grounds, In re C.H.*, 89 S.W.3d 17, 26 (Tex. 2002) (disapproving formulation of standard of review). Breaux has not demonstrated how the termination of her daughter's parental rights has any relationship to Breaux's issues on appeal concerning her status as possessory conservator.

Breaux complains that the trial court should have appointed her managing conservator.[5] Breaux entered into a settlement agreement concerning conservatorship. After several reports from the jury that it was unable to reach a verdict, and several instructions to continue deliberating, the jury reported to the court that it remained unable to resolve the deadlock. At that point, rather than have a mistrial declared, the parties agreed to accept the vote of the nine jurors who were in agreement as settling the issue of which party would be the managing conservator, with the other party becoming the possessory conservator. At Breaux's adamant insistence, the agreement also incorporated provisions for Walz to have supervised visitation with the child, regardless of

---

[5] In her brief, Breaux refers to the existence of a broad power of attorney executed by her daughter giving Breaux authority over C.J. This document was not admitted in evidence, in large part because it lacked any authentication. The court noted that Walz had the opportunity to express a preference for Breaux as the managing conservator in the affidavit of relinquishment, but did not do so.

4

which party was named managing conservator. The agreement is reflected in the record and incorporated in the judgment. Breaux does not complain that the agreed judgment does not accurately reflect the terms of the settlement.

In general, a party may not appeal from or attack a judgment to which she has agreed, absent allegation and proof of fraud, collusion, or misrepresentation. *See Henke v. Peoples State Bank*, 6 S.W.3d 717, 720 (Tex. App.—Corpus Christi 1999, pet dism'd w.o.j.). Breaux does not complain that she was coerced or tricked into this agreement; instead, in her brief she seems to ignore its existence. We have reviewed the record and find no evidence of fraud, collusion, or misrepresentation.[6] Breaux participated fully in arriving at the agreement; indeed, she was adamant that Walz have a right to supervised visitation and such term was incorporated into the agreed judgment. Having entered into the agreement, Breaux cannot now complain on appeal concerning its terms.[7] *See Henke*, 6 S.W.3d at 720.

### Conclusion

We hold that Breaux cannot challenge the termination of Walz's parental rights. Further, she cannot now challenge her status as possessory conservator and the Adamses' status as

---

[6] Throughout her brief, Breaux makes vague allegations that the court, the "prosecutor," and the Department caseworkers conspired against her. However, there is nothing in the record to support these allegations.

[7] Breaux does not complain that the terms of the agreement have been breached.

managing conservators because that status was established by agreement of the parties. Accordingly, we affirm the trial court's judgment.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Kidd and Puryear

Affirmed

Filed: May 27, 2004