Steve OUALLINE, Appellant,

v.

Ken BURNS, Jr., Appellee.

No. 11–09–00160–CV.

Court of Appeals of Texas, Eastland.

Aug. 5, 2010.

Walter E. Wilson, Odessa, for appellant.

Stewart McKeehan, Stewart McKeehan P.C., Odessa, for appellee.

Panel consists of: WRIGHT, C.J., McCALL, J., and STRANGE, J.

## OPINION

TERRY McCALL, Justice.

This appeal arises out of a proceeding filed pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 31.006 (Vernon 2008) to revive a dormant judgment. In two issues, appellant, Steve Oualline, challenges the trial court's order granting the requested revival of judgment. We affirm.

### Background Facts

Appellee, Ken Burns, Jr., filed the underlying proceeding on September 25, 2008, seeking to revive a "reformed judgment" he obtained in 1997 against Oualline and Louis Dunnam. Burns had previously obtained a judgment in 1992 against Oualline and Dunnam on a promissory note they executed in Burns's favor. Dunnam prosecuted an appeal from the 1992 judgment to the El Paso Court of Appeals, but Oualline did not appeal the 1992 judgment.[1] As set forth in greater detail below, the El Paso Court of Appeals reversed the trial court's judgment and remanded the case back to the trial court for further proceedings consistent with its opinion. The trial court subsequently entered the 1997 judgment based upon the opinion and judgment of the El Paso Court of Appeals.

Oualline contends that the 1997 judgment is inapplicable to him because he did not appeal the 1992 judgment. Based upon this contention, he asserts that the 1992 judgment is the applicable judgment to be used for determining Burns's entitlement to an order reviving his judgment against Oualline. Oualline argues that the 1992 judgment cannot be revived by a proceeding instituted in 2008 because more than twelve years have passed since its entry.

### Analysis

TEX. CIV. PRAC. & REM.CODE ANN. § 34.001(b) (Vernon Supp.2009) provides that, if a writ of execution is issued within ten years after rendition of a judgment but a second writ is not issued within ten years

---

1. The legislature transferred Ector County from the jurisdiction of the El Paso Court of Appeals to this court after the appeal of the 1992 judgment. TEX. GOV'T CODE ANN. § 22.201(l) (Vernon Supp.2009).

after issuance of the first writ, the judgment becomes dormant. Section 31.006 provides that a dormant judgment may be revived by scire facias or by an action of debt brought not later than the second anniversary of the date the judgment becomes dormant. Thus, the Civil Practice and Remedies Code provides a twelve-year residual limitations period for judgments.

Oualline relies on these provisions to assert that the 1992 judgment cannot be revived in a proceeding instituted in 2008. Burns requested the issuance of a writ of execution on the 1992 judgment in 1993. This is the only writ of execution that he requested to be issued with regard to the 1992 judgment. Accordingly, more than twelve years have elapsed since the issuance of a writ of execution for the 1992 judgment. Oualline asserts in his first issue that the trial court erred in reviving a judgment that had been dormant for more twelve years. In his second issue, he asserts that the trial court erred in attempting to interpret the ruling of the El Paso Court of Appeals. We will address these issues together because of their similarity.

■ We begin our analysis by examining the effect of the ruling of the El Paso Court of Appeals on the 1992 judgment with regard to Oualline. Dunnam alleged on appeal that the trial court erred in refusing to submit his usury defense to the jury. The El Paso Court of Appeals agreed with Dunnam's usury allegation by finding that the promissory note he and Oualline executed embodied a usurious transaction. The El Paso Court of Appeals reversed the judgment of the trial court and remanded the cause to the trial court to determine the extent of Dunnam's usury claim. The opinion from the El Paso Court of Appeals states as follows: "We reverse the judgment of the trial court and remand this cause to it for further proceedings." The El Paso court's

judgment states: "The Court has considered this cause on the record and concludes there was error in the judgment. We therefore reverse the judgment of the court below and remand the case to the trial court for further proceedings consistent with the opinion of this Court." Finally, the court's mandate recites the court's judgment verbatim.

■ The determining question in this appeal is ascertaining whether the El Paso Court of Appeals's opinion, judgment, and mandate reversed the 1992 judgment in its entirety or only as to Dunnam's interest. As a general rule, when one party appeals from a judgment, a reversal as to him will not justify a reversal as to other non-appealing parties. *Turner, Collie & Braden, Inc. v. Brookhollow, Inc.*, 642 S.W.2d 160, 166 (Tex.1982). However, when an appellate court issues a judgment and mandate that unambiguously reverses, vacates, or otherwise modifies a lower court's judgment in its entirety, that judgment and mandate is binding on all parties to the judgment. *Eastin v. Dial*, 288 S.W.3d 491, 499 (Tex.App.-San Antonio 2009, pet. denied); *see Fletcher v. Blair*, 874 S.W.2d 83, 84 n. 1 (Tex.App.-Austin 1994, writ denied).

■ The appellate court's judgment and mandate in this cause unambiguously reverses the 1992 judgment in its entirety by its express language. If the court had intended to parse its ruling to apply only to Dunnam, it would have used words to that effect. The El Paso Court of Appeals's act of extending its ruling on the usury defense to the entire 1992 judgment is logical given the fact that Dunnam and Oualline were jointly and severally liable as co-makers of the promissory note. *See* TEX. BUS. & COM.CODE ANN. § 3.116(a) (Vernon Supp.2009). While it is generally the rule that non-appealing parties are excluded from relief upon appeal, a reversal of a

trial court order may extend to non-appealing parties when the rights of the appealing parties are so interwoven or dependent on each other as to require a reversal of the entire judgment. *See Ex parte Elliot,* 815 S.W.2d 251, 251 (Tex. 1991). *Osuna v. Quintana,* 993 S.W.2d 201, 211 (Tex.App.-Corpus Christi 1999, no pet.), and *Belz v. Belz,* 667 S.W.2d 240, 244 (Tex.App.-Dallas 1984, writ ref'd n.r.e.), are examples of cases where the reversal of a joint and several liability judgment has been extended to non-appealing parties.

■ Pursuant to the opinion, judgment, and mandate from the El Paso Court of Appeals, the trial court entered the reformed judgment in 1997 that addressed Oualline's liability. Upon receiving the appellate court's mandate, the lower court has a mandatory, ministerial duty to enforce the appellate court's judgment. *See* Tex.R.App. P. 51.1(b); *In re Grossnickle,* 115 S.W.3d 238, 243 (Tex.App.-Texarkana 2003, orig. proceeding). It has no discretion to review, interpret, or enforce the mandate but, instead, must carry out the mandate. *Grossnickle,* 115 S.W.3d at 243. The trial court did not err in carrying out the ruling mandated by the El Paso Court of Appeals. Oualline's first and second issues are overruled.

■ Finally, Oualline raises an additional matter in his reply brief that merits discussion. He contends that Burns is equitably estopped from asserting that the 1997 judgment is a final judgment as to him because Burns sought the issuance of a writ of execution for the 1992 judgment while the case was pending on appeal. We disagree. We first note that Burns sought the issuance of a writ of execution for both Oualline and Dunnam for the 1992 judgment in the same request. Furthermore, a prevailing party at trial has a statutory right to obtain execution of the judgment pending appeal unless and until the judgment debtor properly supersedes the judgment. *Mercantile Bank & Trust v. Cunov,* 733 S.W.2d 717, 718 (Tex.App.-San Antonio 1987, no writ); *see* Tex.R. Civ. P. 627. Accordingly, Burns's request for the issuance of a writ of execution for the 1992 judgment did not constitute an assertion that the 1992 judgment was final as to Oualline because he had not appealed the judgment.

*This Court's Ruling*

The judgment of the trial court is affirmed.