

# NUMBER 13-14-00494-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**REY ORTIZ,**                                                     **Appellant,**

**v.**

**LUIS MANUEL SINGLETERRY,**                       **Appellee**.

---

### On appeal from the 92nd District Court
### of Hidalgo County, Texas.

---

# ORDER

### Before Chief Justice Valdez and Justices Rodriguez and Garza
### Order Per Curiam

On March 15, 2015, this Court reversed and rendered an award of attorney's fees assessed against appellant, Rey Ortiz, in an election contest he filed against appellee Luis Manuel Singleterry regarding the March 4, 2014 Democratic Primary Election for the

92nd District Court of Hidalgo County, Texas. *Ortiz v. Singleterry*, No. 13-14-00494-CV, 2015 WL 1020633, at *1 (Tex. App.—Corpus Christi Mar. 5, 2015, no pet.); s*ee* TEX. ELEC. CODE ANN. § 232.002 (West, Westlaw through 2015 R.S.) ("Any candidate in an election may contest the election."). Currently before the Court are: (1) Singleterry's motion for rehearing; and (2) Ortiz's motion for leave to file an amended notice of appeal.

By motion for rehearing, Singleterry argues, inter alia, that this Court erred in granting any relief to Ortiz's attorneys because they failed to file a notice of appeal. Specifically, Singleterry asserts that Ortiz and his attorneys were sanctioned jointly and severally, however, only Ortiz filed a notice of appeal. Singleterry asserts that because Ortiz's attorneys failed to file their own notice of appeal, we lack jurisdiction to grant them relief. By response, Ortiz attacks these arguments on the merits. Ortiz has further filed a motion seeking leave to amend his notice of appeal.

Under the appellate rules, the filing of a notice of appeal by any party invokes the appellate court's jurisdiction over all parties to the trial court's judgment or order appealed from. *See* TEX. R. APP. P. 25.1(b). A party who seeks to alter the trial court's judgment must file a notice of appeal; however, parties whose interests are aligned may file a joint notice of appeal. *See id.* R. 25.1(c). The appellate court may not grant a party who did not file a notice of appeal more favorable relief than did the trial court except for just cause. *See id.*

Courts have held that nonparties have a right to appeal from a judgment if they clearly have an interest in the judgment and are bound by it. *See Torrington Co. & Intersoll-Rand Corp. v. Stutzman*, 46 S.W.3d 829, 843 (Tex. 2000); *In re Evans*, 130 S.W.3d 472, 478–79 (Tex. App.—Houston [14th Dist.] 2004, orig. proceeding). Ortiz's

2

attorneys clearly have an interest in the order and are bound by it, thus they have standing to appeal. However, "Texas courts have long held that an appealing party may not complain of errors that do not injuriously affect it or that merely affect the rights of others." *Torrington Co.*, 46 S.W.3d at 843. An appellant is not harmed when sanctions are imposed solely against the appellant's attorney, thus such an appellant lacks standing to challenge sanctions assessed solely against the attorney on appeal. *See Bahar v. Lyon Fin. Services, Inc.*, 330 S.W.3d 379, 388 (Tex. App.—Austin 2010, pet. denied) (appellant lacked standing to appeal sanction imposed only on attorney); *Niera v. Frost Nat'l Bank*, No. 04–09–00224–CV, 2010 WL 816191, at *1 (Tex. App.—San Antonio Mar. 10, 2010, pet. denied) (mem. op.) (same); *Matbon, Inc. v. Gries*, 287 S.W.3d 739, 740 (Tex. App.—Eastland 2009, no pet.) (same). As discussed by Singleterry, some cases have held that attorneys and third parties must either join in a party's notice of appeal or file their own separate notices of appeal when seeking to set aside a sanction assessed jointly and severally among them, and lack standing to contest the sanction order when the notice of appeal is filed solely by the sanctioned party. *See, e.g., Benavides v. Knapp Chevrolet, Inc.*, No. 01-08-00212-CV, 2009 WL 349813, at *3 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (mem. op.) (concluding that attorneys and insurance company were required to file separate notices of appeal to obtain standing to contest a sanction order rendered against them and their client); *Sluder v. Ogden*, No. 03-10-00280-CV, 2011 WL 116058, at *2 (Tex. App.—Austin Jan. 13, 2011, pet. denied) (concluding that attorney was required to either join the party's notice of appeal or file a separate notice of appeal to attack a sanction order rendered against the attorney and his client jointly and severally). In this regard, we note that the Texas Supreme Court has expressly declined to decide

3

whether an attorney must perfect a separate appeal apart from that perfected by his client. *Braden v. Downey*, 811 S.W.2d 922, 928 n. 6 (Tex. 1991) ("We express no opinion on the question whether, in order to seek review of sanctions by appeal, an attorney must perfect a separate appeal apart from that perfected by his client.").

As a general rule, when one party appeals from a judgment, a reversal as to him will not justify a reversal as to other non-appealing parties. *Turner, Collie & Braden, Inc. v. Brookhollow, Inc.*, 642 S.W.2d 160, 166 (Tex. 1982). However, reversal of a trial court order may extend to non-appealing parties when the rights of the appealing parties are so interwoven or dependent on each other as to require a reversal of the entire judgment. *Sonat Exploration Co. v. Cudd Pressure Control, Inc.*, 271 S.W.3d 228, 236 (Tex. 2008); *Ex parte Elliot*, 815 S.W.2d 251, 251 (Tex. 1991); *Plas–Tex, Inc. v. United States Steel Corp.*, 772 S.W.2d 442, 446 (Tex.1989); *Turner, Collie & Braden v. Brookhollow, Inc.*, 642 S.W.2d 160, 166 (Tex.1982); *XTO Energy Inc. v. Nikolai*, 357 S.W.3d 47, 64-65 (Tex. App.—Fort Worth 2011, pet. denied). For example, when an appellate court issues a judgment and mandate that unambiguously reverses, vacates, or otherwise modifies a lower court's judgment in its entirety, that judgment and mandate is binding on all parties to the judgment. *Oualline v. Burns*, 321 S.W.3d 719, 721-22 (Tex. App.—Eastland 2010, pet. denied); *Eastin v. Dial*, 288 S.W.3d 491, 499 (Tex. App.—San Antonio 2009, pet. denied); *Fletcher v. Blair*, 874 S.W.2d 83, 84 n.1 (Tex. App.—Austin 1994, writ denied). In cases where a joint and several liability judgment has been reversed, that judgment has been extended to non-appealing parties. *See, e.g., Osuna v. Quintana*, 993 S.W.2d 201, 211 (Tex. App.—Corpus Christi 1999, no pet.); *Belz v. Belz*, 667 S.W.2d 240, 244 (Tex. App.—Dallas 1984, writ ref'd n.r.e.).

4

After the appellant's brief has been filed, the notice of appeal may be amended only on leave of court and on such terms as the Court may prescribe. *See* TEX. R. APP. P. 25.1(g). For instance, if the notice of appeal omits the name of an intended appellant, the party may amend the notice to include the omitted appellant. *See id.*; *see, e.g., Warwick Towers Council of Co-Owners v. Park Warwick, L.P.*, 244 S.W.3d 838, 839–40 (Tex. 2008) (finding good cause to allow an amended notice of appeal where an insurer filed a notice of appeal in its insured's name without including itself as an appellant).

Considering all of the foregoing, we DENY Singleterry's motion for rehearing and we GRANT Ortiz's motion to amend his notice of appeal. All other relief sought herein is DENIED.

PER CURIAM

Delivered and filed the
26th day of June, 2015.