**Opinion issued December 31, 2024**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-20-00778-CV

_____

**FIDELIS JOHNSON BADAIKI, Appellant**

**V.**

**SCHLUMBERGER HOLDINGS CORPORATION, SCHLUMBERGER LIMITED, SCHLUMBERGER TECHNOLOGY CORPORATION, CAMERON INTERNATIONAL CORPORATION, PAAL KIBSGAARD, OLIVIER LE PEUCH, JOHN CORKHILL, NATHAN COOPER, RAY ARBOR, AND JAY JURENA, Appellees**

---

**On Appeal from the 11th District Court**
**Harris County, Texas**
**Trial Court Case No. 2020-16532**

---

## MEMORANDUM OPINION

Appellant Fidelis Johnson Badaiki, acting pro se, appeals the trial court's

judgment dismissing his claims against Appellees (1) Schlumberger Holdings

Corporation, (2) Schlumberger Limited, (3) Schlumberger Technology Corporation, (4) Cameron International Corporation, (5) Paal Kibsgaard, (6) Olivier Le Peuch, (7) John Corkhill, (8) Nathan Cooper, (9) Ray Arbor, and (10) Jay Jurena.[1] After the appeal was filed, Badaiki and Appellees entered into a settlement agreement. The appeal was abated while Appellees sought to enforce the validity of the settlement agreement in a separate action. Because the settlement agreement has been held to

---

[1] Aside from the ten Appellees, Badaiki also sued (1) Steve McKenzie, (2) Jamilah Cummings, (3) Marisa Henning, (4) Ed Gaude, (5) Henry Weissenborn, (6) Jack B. Moore, (7) Amy Schwartz, (8) Carter Hydrick, and (9) John Doe. The record does not reflect that these additional parties were served with citation, nor did they answer the suit. We are mindful that, if a judgment disposes of all parties except for a defendant who has neither been served nor answered, the judgment acts as a nonsuit as to that defendant, absent some indication that the plaintiff expects to serve that defendant. *See Youngstown Sheet & Tube Co. v. Penn*, 363 S.W.2d 230, 232 (Tex. 1962). But we need not apply that principle here because the trial court stated in its judgment that it was "a full and final dismissal of all claims with prejudice asserted by [Badaiki] in this case against all parties." This unequivocal finality language rendered the judgment a final judgment. *See Sealy Emergency Room, L.L.C. v. Free Standing Emergency Room Managers of Am., L.L.C.*, 685 S.W.3d 816, 820 (Tex. 2024); *see also Dischert v. Jaguar Land Rover N. Am. LLC*, No. 14-20-00869-CV, 2022 WL 3267866, at *2 (Tex. App.—Houston [14th Dist.] Aug. 11, 2022, no pet.) (mem. op.) (holding that judgment was final because it contained finality language even though one defendant was unserved and had not answered). We note that Badaiki's brief lists Steve McKenzie—an unserved party—as an appellee. Rule of Appellate Procedure 3.1(c) defines an appellee as "a party adverse to an appellant." TEX. R. APP. P. 3.1(c). On appeal, Badaiki raised no issues against the unserved parties, including McKenzie. Thus, the unserved parties are not "appellees" in the context of this appeal. *See DHI Holdings, LP v. Legacy Mortg. Asset Tr. 2018-RPLS2*, No. 14-19-00987-CV, 2021 WL 4957023, at *3 (Tex. App.—Houston [14th Dist.] Oct. 26, 2021, pet. denied) (mem. op.) (holding that party identified in briefing as "an appellee" was not "an appellee" because appellant did not argue for any relief against that party on appeal).

be valid and enforceable, we reinstate the appeal, vacate the trial court's judgment, and, because it is moot, we dismiss the case for lack of jurisdiction.

## Background

In 2007, Appellee Cameron International Corporation hired Badaiki as a senior designer for its drilling systems unit. Cameron terminated Badaiki's employment in 2016.

In March 2020, Badaiki sued Appellees. He alleged wrongful termination of his employment with Cameron based on racial discrimination, retaliation, and hostile work environment. Badaiki asserted various causes of action, including breach of fiduciary duty and intentional infliction of emotional distress.

Appellees filed a motion to dismiss Badaiki's claims based on Rule of Civil Procedure 91a. The trial court granted the motion. After Badaiki twice amended his petition to add claims, the trial court granted another Rule 91a motion. The order expressly stated that it was "a full and final dismissal of all claims with prejudice asserted by [Badaiki] in this case against all parties." The trial court also awarded Appellees their costs and attorney's fees. On January 25, 2021, Badaiki filed the instant appeal of the trial court's judgment.

Besides this case, Badaiki also filed two other suits in Harris County District Court against Appellees alleging wrongful termination of his employment. Cameron removed those two suits to federal court, namely, the United States District Court

for the Southern District of Texas.[2] On December 21, 2021—while those cases were pending in federal court and the instant appeal was pending here—Appellees' counsel sent Badaiki the following email with the subject line, "Cameron-Badaiki: Settlement Offer made pursuant to TRE 408 and FRE 408":

> I have talked with my clients, and in exchange for a complete release on all claims in all cases you have filed, my clients will agree to forego [sic] pursuing their award of attorneys' fees in the state court action and two federal court actions. As you are aware, the state court has already awarded some fees, and we are confident that the federal courts will also grant our requests for fees, which are in excess of $200,000. Should you not accept this offer, we will move forward with executing on all judgments. I hope you give this offer serious consideration. This offer will expire if not accepted by December 25, 2021.

On December 25, 2021, Badaiki sent an email response: "Accepted. We could discourse later." Despite responding that he accepted Appellees' settlement offer, Badaiki soon disputed whether the email exchange constituted an enforceable settlement agreement. On May 9, 2022, the federal district court conducted a hearing regarding the dispute. At the hearing, the court determined that the offer and acceptance in the parties' email exchange were "a settlement and release of [Badaiki's] claims in these two federal actions and of the state court action," meaning the instant case.

---

[2] The two federal actions are *Badaiki v. Cameron International Corp., et al.*, No.4:19-cv-371 (S.D. Tex.) and *Badaiki v. Schlumberger Holdings Corp. et al.*, No. 4:20-cv-02216 (S.D. Tex.).

The federal district court also signed an "Order of Dismissal" for the two federal cases. In the order, the court found that the email sent by Appellees' counsel on December 21, 2021 "constituted an offer" and that "the email sent in response by Badaiki to Counsel for [Appellees] on December 25th . . . constituted acceptance of the offer contained in the December 21st email." The court determined that "the above offer and acceptance constitute a binding settlement agreement requiring dismissal of these actions." More specifically, the federal district court found that

> all terms of that binding settlement agreement were contained in the December 21st email—being, *first*, that Badaiki agreed to "a complete release on all claims in all cases" he has pending against [Appellees] before state and federal courts, and *second*, that [Appellees] agreed to forego [sic] their pursuit of attorney fees in those actions.

The court ordered the two federal actions dismissed with prejudice "pursuant to the binding settlement agreement." The court stated that "[a] final judgment [would] be separately entered." The email exchange between the parties, found to be a binding settlement agreement, was attached to the order.

In this Court, Appellees filed a motion to dismiss the instant appeal. They pointed out that the federal district court had found that the email exchange "constituted a valid and enforceable settlement agreement and operated to release the claims in both [the two federal] actions and in this lawsuit." They argued that the settlement agreement—in which Badaiki agreed to dismiss the two federal actions

and the instant state case—rendered the appeal moot because there was no longer a live controversy between the parties.[3]

The instant appeal was abated, and Appellees were asked to provide this Court with additional documentation to show that the federal district court had rendered a final judgment. In the abatement order, Appellees were also afforded "an opportunity to provide this Court with additional documentation showing that there ha[d] been a 'final resolution (including all appeals)' in federal court of their claim to enforce the settlement agreement." *See Mantas v. Fifth Ct. of Appeals*, 925 S.W.2d 656, 659 (Tex. 1996) (orig. proceeding) (directing court of appeals "to abate the underlying appeal pending final resolution (including all appeals) of Mantas' suit to enforce the settlement agreement").

---

[3] In support of their motion, Appellees offered the transcript from the hearing in federal district court and the federal district court's dismissal order. As discussed below, Appellees later provided this Court with the federal district court's final judgment dismissing the two federal cases and documents related to Badaiki's appeal of that judgment to the United States Court of Appeals for the Fifth Circuit. They also point to the Fifth Circuit's unpublished opinion upholding the federal district court's ruling that the parties entered into a binding settlement agreement. Because they are relevant to determining whether this Court has jurisdiction over this appeal, we take judicial notice of the documents from the federal court proceedings and the Fifth Circuit's opinion. *See* TEX. R. EVID. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it: . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."), 201(c)(1) (providing that court "may take judicial notice on its own"), 202(a) (stating that Rule 202 governs judicial notice of, inter alia, court decisions from federal court), 202(b)(2) (providing that court "may take judicial notice on its own"); *Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 624 (Tex. 2012) (citing Rule 201 and taking judicial notice of relevant facts outside record to determine jurisdiction).

In accordance with the abatement order, Appellees provided this Court with the federal district court's final judgment, which dismissed the two federal cases with prejudice for "the reasons stated in the order of dismissal." Appellees also informed this Court that Badaiki had appealed the federal district court's final judgment to the United States Court of Appeals for the Fifth Circuit and provided the Fifth Circuit's docket sheet. Appellees asked that we continue the abatement of the instant appeal until final resolution of the federal court appellate process. Appellees' request to continue abatement of the instant appeal was granted, and the parties were instructed "[to] keep this Court apprised of the activities in the federal court proceedings."

Appellees later notified this Court that the Fifth Circuit had issued its opinion regarding Badaiki's appeal. *See Badaiki v. Cameron Int'l Corp.*, No. 21-20628, 2023 WL 8721048 (5th Cir. Dec. 8, 2023) (unpublished). The Fifth Circuit upheld the federal district court's determinations that (1) "the parties' December 21–25, 2021 email exchange constituted a binding settlement agreement" under Texas contract law and (2) "Badaiki [had] released his claims in all pending suits." *See id.* *4–6. The court affirmed the district court's dismissal of the two federal suits. *Id.* at *7.

The Fifth Circuit also analyzed whether the settlement agreement deprived it of jurisdiction to address Badaiki's remaining issues on appeal. *Id.* at *6. "If a case has been rendered moot, a federal court has no constitutional authority to resolve the

7

issues that it presents." *Id.* (quoting *Env't Conservation Org. v. City of Dall.*, 529 F.3d 519, 525 (5th Cir. 2008) (citation omitted)). The court recognized that "settlement of a dispute between two parties renders moot any case between them growing out of that dispute." *Id.* (quoting *ITT Rayonier Inc. v. U.S.*, 651 F.2d 343, 345 (5th Cir. Unit B July 1981)). The court emphasized that the parties had "entered into a valid settlement agreement wherein Badaiki agreed to release 'all claims' in exchange for Appellees forgoing their right to pursue attorneys' fees related to any successful defenses." *Id.* at *7. The Fifth Circuit concluded that the parties' settlement agreement mooted the cases and held that it lacked jurisdiction "to consider Badaiki's remaining arguments on appeal." *Id.*

Badaiki filed a motion for en banc rehearing, which the Fifth Circuit denied in February 2024. Badaiki did not file a petition of certiorari with the United States Supreme Court. Thus, final resolution of the federal appellate process has occurred. *See Mantas*, 925 S.W.2d at 659. Because enforcement of the settlement agreement was finally resolved in their favor, Appellees ask this Court to reinstate the appeal and to grant their motion to dismiss, asserting the appeal is moot. *See id.*

**Mootness**

This Court lacks subject-matter jurisdiction to decide a moot controversy. *See State ex rel. Best v. Harper*, 562 S.W.3d 1, 6 (Tex. 2018). A case becomes moot when (1) a justiciable controversy no longer exists between the parties, (2) the parties

8

no longer have a legally cognizable interest in the case's outcome, (3) the court can no longer grant the requested relief or otherwise affect the parties' rights or interests, or (4) any decision would constitute an impermissible advisory opinion. *Electric Reliability Council of Tex., Inc. v. Panda Power Generation Infrastructure Fund, LLC*, 619 S.W.3d 628, 634–35 (Tex. 2021); *see Harper*, 562 S.W.3d at 6 ("Mootness occurs when events make it impossible for the court to grant the relief requested or [to] otherwise affect the parties' rights or interests.").

"A suit may become moot at any time, including on appeal." *In re Guardianship of Fairley*, 650 S.W.3d 372, 379 (Tex. 2022). As a result, "courts have an obligation to take into account intervening events that may render a lawsuit moot." *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 166–67 (Tex. 2012). "When events occur after a judgment which render the issue before this Court moot, we may not decide the appeal." *Cappadonna Elec. Mgmt. v. Cameron Cnty.*, 180 S.W.3d 364, 375 (Tex. App.—Corpus Christi–Edinburg 2005, no pet.) (citing *Hanna v. Godwin*, 876 S.W.2d 454, 457 (Tex. App.—El Paso 1994, no writ)).

Settlement of a case renders it moot because, once the parties have settled their dispute, the court can no longer grant the requested relief. *See Electric Reliability Council of Tex.*, 619 S.W.3d at 635. When a case settles on appeal, the appellate court may not decide the appeal because the issues before the court are rendered moot, that is, the court can no longer remedy any error. *See Melton v. CU*

9

*Member's Mortg. a Div. of Colonial Sav. F.A.*, No. 03-21-00485-CV, 2023 WL 2505304, at *3 (Tex. App.—Austin Mar. 15, 2023, no pet.) (mem. op.) (granting motion to dismiss after parties reached agreement on appeal regarding attorney's fees because attorney's fees "was the only remaining issue in the case" and it was "no longer possible for [the] Court to remedy any error" in appealed order); *Cappadonna Elec. Mgmt.*, 180 S.W.3d at 375 (holding that appeal of severance order was rendered moot because parties settled severed claims); *Lee v. Rosen, Newey & Von Blon, P.C.*, No. 14-99-00120-CV, 2002 WL 1990879, at *1–2 (Tex. App.—Houston [14th Dist.] Aug. 29, 2002, pet. denied) (mem. op.) (dismissing appeal as moot after parties entered into settlement agreement on appeal, even though appellant revoked consent to agreement, because appellee obtained summary judgment in separate action enforcing settlement agreement and summary judgment was affirmed on appeal).

Here, the federal district court ruled that the parties entered into a valid and enforceable settlement agreement that applied to Badaiki's claims in all pending cases—both federal and state—which by implication included the instant case. The Fifth Circuit affirmed the federal district court's judgment. Because the parties agreed to settle all of Badaiki's claims in the instant suit, the case is now moot. *See Melton*, 2023 WL 2505304, at *3; *Cappadonna Elec. Mgmt.*, 180 S.W.3d at 375;

*Lee*, 2002 WL 1990879, at *2. Accordingly, we lack jurisdiction to consider Badaiki's challenge to the trial court's judgment. *See Harper*, 562 S.W.3d at 6.

### Conclusion

We lift the abatement and reinstate the appeal on the active docket.[4] We grant Appellees' motion to dismiss, vacate the judgment of the trial court, and dismiss the case for lack of jurisdiction. *See Heckman*, 369 S.W.3d at 162 (holding that, if case becomes moot, court must vacate any order or judgment previously issued and dismiss case for want of jurisdiction); *Marshall v. Hous. Auth. of the City of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006) ("One purpose of vacating the underlying judgment if a case becomes moot during appeal is to prevent prejudice to the rights of parties when appellate review of a judgment on its merits is precluded.").

Richard Hightower
Justice

Panel consists of Justices Kelly, Hightower, and Guerra.

---

[4]  Badaiki asserts that the appeal should remain abated because—after the Fifth Circuit issued its opinion holding that the settlement agreement is valid and enforceable— he filed a new, pro se lawsuit in state court attacking the validity of the settlement agreement. We agree with Appellees that, because there has been a final resolution of the enforceability of the settlement agreement, the appeal should be reinstated. *See Mantas v. Fifth Ct. of Appeals*, 925 S.W.2d 656, 659 (Tex. 1996) (orig. proceeding) (directing court of appeals "to abate the underlying appeal *pending final resolution (including all appeals)* of Mantas' suit to enforce the settlement agreement" (emphasis added)).