The COMMISSIONERS COURT OF DAL-
LAS COUNTY, Texas, Appellant,

v.

Robert R. COLE, Justice of the Peace,
Precinct One, Place One, Dallas
County, Texas, Appellee.

No. 18952.

Court of Civil Appeals of Texas,
Dallas.

June 17, 1976.

Henry Wade, Dist. Atty., Stephen P. To-
koly, Asst. Dist. Atty., Dallas, for appellant.

Gerald Weatherly, Dallas, for appellee.

AKIN, Justice.

This is an appeal from a temporary in-
junction granted plaintiff Cole enjoining
the commissioners court from abolishing
and refusing to fund the position of one of
plaintiff's clerks. Robert R. Cole, justice of
the peace, precinct one, place one of Dallas
County, sued the commissioners court of
Dallas County to enjoin the commissioners
court from reducing the size of his staff
from ten to nine, contending that the com-
missioners court abused its discretion in or-
dering the reduction. The commissioners
court asserted that its action in reducing
Judge Cole's staff was a proper exercise of
its constitutional and statutory power over
county business. Since the commissioners
are not adversely affected by the injunction
granted, we dismiss their appeal.

The controversy arose on January 1, 1976,
when the boundaries of the justice of the
peace precincts were revised. After the
redistricting, the commissioners court found
that, due to the substantial decrease in both
area and in population of precinct one,
Judge Cole would need only nine clerks in
order to operate effectively. Judge Cole
disagreed and filed this action. At the
hearing, there was evidence that two mem-
bers of Judge Cole's staff had submitted
their resignations, to be effective February
29, 1976. The court granted a temporary
injunction from which order the commis-
sioners have perfected their appeal.

The order granting the temporary injunc-
tion states:

Defendants . . . are hereby
. . . temporarily enjoined and re-
strained from abolishing the position of
one of the staff members of the staff of
plaintiff as justice of the peace, and for
removal of one of said staff members,
and from refusing to finance continuance
of such staff member's position as contin-
uance of same is hereby ordered.

But, it appearing to this court that two
of plaintiff's said staff members are im-
minently about to resign from plaintiff's
said staff, it is further ordered by this
court that one of these positions will not
be filled after 29 February 1976.

This order was signed on February 26,
1976. The first paragraph of the order
restrains the commissioners from abolishing
the position, from removing one staff mem-

ber, and from refusing to finance the position. These restraints are qualified, however, by the second paragraph. That paragraph prohibits the commissioners from filling the position after February 29, when, according to the evidence, vacancies would occur. When the two paragraphs of the order are read together, it permits Judge Cole to work with a ten-person staff between February 26 and February 29, but thereafter the commissioners court may require him to work with a staff of nine. Consequently, the commissioners are not in fact ordered to finance continuance of the tenth staff member's position pending final trial.

We conclude, therefore, that only Judge Cole was adversely affected by this order after February 29, 1976. He has not appealed, and neither has he filed cross-points. The right of appeal rests only in an aggrieved party to a lawsuit. Tex.Rev.Civ. Stat.Ann. art. 2249 (Vernon 1971); *McFarling v. Lapham,* 489 S.W.2d 435, 440 (Tex. Civ.App.—Beaumont 1972, writ ref'd n.r.e.); *Texas Employers Insurance Ass'n v. Howell,* 107 S.W.2d 391, 392 (Tex.Civ.App.—Dallas 1937, writ dism'd). Since we have concluded that the commissioners are not now aggrieved by the order, it necessarily follows that the appeal prosecuted by them should be dismissed. This is because one may not complain of a judgment that does not adversely affect him. *E. g., Shell Petroleum Corp. v. Grays,* 131 Tex. 515, 114 S.W.2d 869, 870 (1938).

Appeal dismissed.