**Ronald CHITSEY, Appellant,**

v.

**PAT WINSTON INTERIOR DESIGN, INC., Appellee.**

**No. 12592.**

Court of Civil Appeals of Texas, Austin.

Nov. 30, 1977.

Rehearing Denied Dec. 14, 1977.

John E. Powers, Powers & Rose, Austin, for appellant.

John W. Craven, Morris & Ausley, Austin, for appellee.

O'QUINN, Justice.

Pat Winston Interior Design, Inc., brought this lawsuit in county court at law against Ron Chitsey to recover $917.55 on a sworn account for 44 rolls of wallpaper sold and for services performed as design consultant, plus reasonable attorney's fees of $300, in connection with construction by Chitsey of a residence in Austin. Plaintiff verified its claim under Rule 185, Texas Rules of Civil Procedure. Chitsey contested the suit under an answer setting up general denial and a sworn denial alleging a special contract for delivery of the wallpaper and denying purchase on open account.

Upon trial before the court without a jury, the court entered judgment for Winston Interior in the amount of $917.55, together with attorney's fees for $300. Chitsey has appealed and brings three points of error. We will overrule all points of error and affirm judgment of the trial court.

The trial court filed comprehensive findings of fact and conclusions of law, and appellant brought forward the transcript

and the statement of facts with fourteen exhibits introduced in evidence.

■ Appellate review of the record will be under the rule stated by McDonald as follows:

"When specific findings of fact and conclusions of law are filed . . . and a statement of facts is also brought forward, the findings will be sustained if there is any evidence to support them." 4 McDonald, Texas Civil Practice, 16.-10(b), p. 29 (1971). See also *Mathews v. Warren,* 522 S.W.2d 569, 570 (Tex.Civ. App. Austin 1975, writ ref'd n. r. e.).

Winston Interior offered testimony of witnesses and documentary proof establishing sale to Chitsey on an open account of forty-four rolls of wallpaper, which Chitsey picked up on three separate dates at Winston's place of business. Proof was also made that Winston furnished consulting services in connection with two houses under construction by Chitsey. The trial court in nineteen specific findings of fact found that the contract for purchase of the paper and use of services was made, the paper was delivered, and the services were rendered. The court also found the reasonable value of the goods and services to be as proved by evidence offered by Winston, and that Chitsey had failed to pay for the paper and professional services, although demand had been made.

The court further found (in findings 20 and 21) that Winston found it necessary to employ counsel at a reasonable fee, and that the parties had stipulated that a reasonable fee would be $300, which the court would assess.

Chitsey testified that he had a special contract with Winston by which he would not pay more than $500 for the wallpaper. Chitsey conceded that he owed the reasonable value of design services, which the court found. Winston witnesses denied any special contract to furnish wallpaper, but on the contrary asserted that the paper supplied was sold on open account with a discount to Chitsey of twenty percent off cost.

■ The court concluded that Chitsey had an open account with Winston. We find ample evidence in the record of probative value to support the court's conclusion.

■ It is settled that if there is any evidence of a probative nature to support the findings of the trial court the judgment based on the findings must be affirmed. *Cavanaugh v. Davis,* 149 Tex. 573, 235 S.W.2d 972, 977 (1951); *Mathews v. Warren, supra.*

■ It is also firmly established that a trial court has the right to consider all facts and circumstances in evidence and to indulge in reasonable inferences to be drawn therefrom in reaching its ultimate finding. In review of the record on appeal to determine whether there is any evidence of probative value to support the trial court's finding, the appellate court must view the evidence in the light most favorable to appellant against whom the judgment was rendered. *Woodward v. Ortiz,* 150 Tex. 75, 237 S.W.2d 286, 289 (1951); *Mathews v. Warren, supra.*

■ The findings of the trial court in a nonjury case have the same presumption of conclusiveness and weight on appeal as the verdict of a jury, and the court is the sole judge of the credibility of the witnesses and may believe or disbelieve any witness, in part or entirely. *Vandyke v. Austin Independent School District,* 547 S.W.2d 354, 356 (Tex.Civ.App. Austin 1977, no writ) and cases cited; see also *Redman v. Bennett,* 401 S.W.2d 891, 895 (Tex.Civ.App. Tyler 1966, no writ) and cases cited.

We conclude that the findings of the trial court are adequately supported by evidence of probative value. This Court is not authorized to substitute its judgment for that of the trial court.

The judgment of the trial court is affirmed.

Affirmed.