**COUNTY OF EL PASO,
et al., Appellants,**

**v.**

**Mary Lou ORTEGA, et al., Appellees.**

**No. 08–92–00275–CV.**

Court of Appeals of Texas,
El Paso.

Feb. 10, 1993.

Jose Rodriguez, County Atty., El Paso (on appeal only), for appellants.

Michael Wyatt, El Paso, for appellees.

Before OSBORN, C.J., and KOEHLER and BARAJAS, JJ.

## OPINION

PER CURIAM.

This is an appeal from a declaratory judgment. Mary Lou Ortega, Patricia Waggoner, Anna Torres, Luz Maria Loya and Fernando Pena, Appellees, brought an election contest and a declaratory judgment action against Appellants, the County of El Paso, the Honorable Alicia Chacon, El Paso County Judge, and County Commissioners Orlando Fonseca, Rogelio Sanchez, Jimmy Goldman, and Charles Hooten, in their official capacities as the Commissioners Court of El Paso County, Texas. The trial court, on agreed facts, entered judgment declaring invalid a tax rate rollback election conducted in El Paso County, Texas and the results of said election unenforceable. In two points of error, Appellants seek reversal of the trial court's judgment and as a consequence, seek to **decrease** the effective tax rate after having earlier voted to **increase** it. Appellees[1] seek to have this

---

1. The record in the instant case establishes that each of the Appellees are qualified voters and residents of El Paso County, Texas. Specifically, Appellees Ortega, Waggoner and Torres are

Court affirm the judgment of the trial court and as a consequence, desire to pay **higher** taxes. For the reasons set forth below, we dismiss this appeal.

## I. SUMMARY OF THE EVIDENCE

This action, tried on agreed facts, arises in a most peculiar and unconventional manner.[2]

The record demonstrates that in 1991, the Commissioners Court of El Paso County, Texas adopted a tax rate in excess of the rollback rate provided by Texas Tax Code § 26.04. Pursuant to Section 26.-07(a), a petition drive was initiated by local anti-tax advocates seeking a tax rate rollback election.[3] Section 26.07(a) of the Texas Tax Code states that the qualified voters of the taxing unit may, by petition, require that an election be held to determine whether or not to reduce the tax rate adopted for the current year. In the instant case, in order for the rollback petition to be valid it must bear the signatures of at least 10 percent of the qualified voters of El Paso County, according to the most recent official list of qualified voters. Accordingly, 20,046 valid signatures were required to force the tax rate rollback election

tion in El Paso County on the tax rate at issue.

On January 9, 1992, petitions containing 23,038 signatures were presented to the El Paso Commissioners Court. The County Commissioners presented the petitions to its County Elections Administrator for verification. The verification process resulted in several thousand signatures being rejected, so that the total number of valid signatures on the petitions was 19,865, some 181 signatures short of the number required to force an election to determine whether or not to reduce the tax rate.

The record shows that on January 29, 1992, at a meeting of the El Paso County Commissioners Court, the Honorable Alicia Chacon, County Judge of El Paso County, moved for passage of a resolution declaring the petition to be invalid in light of the fact that the petition to compel the rollback election failed to contain the statutorily required number of valid signatures. Her motion failed. The record further shows that some Commissioners expressed a desire to order an election, irrespective of the fact that the rollback petitions failed to

---

each employees of El Paso County, Texas, whose jobs would "likely" be cut if the tax rate rollback is implemented. Appellee Pena is the owner of real property located in El Paso County, Texas, while Appellee Loya is a 74 year-old recipient of a county-funded nutrition program for low income elderly residents.

**2.** We note that the record on appeal includes a stipulation by the parties at the time of trial styled "Statement of Agreed Facts." The first paragraph of the stipulation states:

TO THE HONORABLE JUDGE OF SAID COURT:

The parties in the above-captioned cause, by and through their attorneys of record, stipulate and agree as to the facts relevant to the disposition of this controversy which are set out as follows:

The stipulation then sets out the circumstances under which the contested matter arose. Although the language in the first paragraph refers to an "agree[ment] as to the facts" it is not in compliance with Tex.R.Civ.P. 263 which provides:

Parties may submit matters in controversy to the court upon an agreed statement of facts filed with the clerk, upon which judgment shall be rendered as in other cases; and such

agreed statement **signed and certified by the court to be correct** and the judgment rendered thereon shall constitute the record of the cause. [Emphasis added].

The stipulation herein was not certified by the trial court as correct. To the contrary, the stipulation, while providing a certificate at the end of the document for the trial judge to sign, reflects that the certification has been excised from the body of the stipulation by being crossed out. Nonetheless, while Tex.R.Civ.P. 263 requires that the agreed statement should be signed and certified by the court, it has been held that such is not necessary where it appears from the record, as it does in the instant case, that the case was tried upon such stipulation. See *American Nat. Ins. Co. v. Briones*, 570 S.W.2d 574, 576 (Tex.Civ.App.—Corpus Christi 1978, no writ) citing *Perry v. Aetna Life Insurance Company of Conn.*, 380 S.W.2d 868, 875 (Tex.Civ.App.—Tyler 1964, writ ref'd n.r.e.)

**3.** We note that the local anti-tax advocates, who originally sought the tax rate rollback election, did not intervene as parties to the instant cause, nor have the taxpayers of El Paso County, the parties directly aggrieved by the lower court decision, been joined as a class. *See* Tex. R.Civ.P. 39 and 42.

reflect the requisite number of signatures.[4] In response to a request for a legal opinion, the El Paso County Attorney's Office, a member of which was then present, advised the Commissioners Court that pursuant to Section 26.07(c) (Vernon 1992) of the Texas Tax Code it was within their discretion to exercise any one of following three options:

(1) take action finding the petition to be invalid, in which case there would be no election called; or

(2) take action finding the petition to be valid, and order an election; or

(3) take no action to validate or invalidate the petition, or "fail to act on the petition," in which case the Tax Code § 26.07(d) would require them to order an election.

The El Paso County Commissioners Court, relying on the above legal advice, voted for and passed a motion to "take no action" on the petition. Subsequently, on February 19, 1992, the El Paso Commissioners Court ordered that a tax rate rollback election be held on April 4, 1992. The rollback election was held, resulting in the majority of the qualified voters voting in favor of a tax rate rollback.[5]

Appellees filed their action contesting the tax rate rollback election and for a declaratory judgment seeking to have the election declared invalid. After severing the election contest from the declaratory judgment action, the trial court entered judgment declaring the tax rate rollback election of April 4, 1992 void and its results unenforceable. It is from that judgment, which effectively reaffirmed the earlier vote of the El Paso County Commissioners Court to set a higher effective tax rate, that this same Commissioners Court now appeals. Upon request, the trial court rendered findings of fact and conclusions of law.

4. Reasons given by various members of the El Paso County Commissioners for disregarding the statutory provisions of Section 26.07(a)(2) were that the number of signatures obtained was "close" to the legally required number, and further, that members of the Commissioners Court had been criticized in the past for failing to subject controversial issues to a vote.

## II. DISCUSSION

### A. Authority of Commissioners Court to assess taxes

■ The Texas Constitution does not confer on a commissioners court, the body politic of county government, "general authority over the county business," and thus such courts can exercise only such powers specifically conferred upon them by Constitutional authority or legislative enactments. *Vinson v. Burgess*, 773 S.W.2d 263, 267 (Tex.1989). The constitution authorizes counties, subject to prescribed limitations, to levy ad valorem taxes on all property within its boundaries for county purposes. Tex. Const. art. VIII, §§ 1–a, 9. The specific procedures to be utilized by political subdivisions for the assessment of property taxes is mandated by legislative enactment, as are the rights of the aggrieved taxpayer. Tex.Tax Code Ann. § 26.01 et seq. (Vernon 1992). In light of that statutory authorization, the El Paso County Commissioners Court voted for and approved an effective tax rate for the year 1991 which was in excess of the rollback tax rate. Tex.Tax Code Ann. §§ 26.04 and 26.07.

Citing *Vinson v. Burgess*, 773 S.W.2d at 266, we begin by noting the inalienable rights which have been reserved to the citizens of the State of Texas by the Bill of Rights to the Texas Constitution. Article I, § 27 of the Texas Constitution proclaims:

The citizens shall have the right, in a peaceable manner, to assemble together for their common good; and apply to those invested with the powers of government for redress of grievances or other purposes, by **petition**, address or remonstrance. [Emphasis added].

That constitutional right, as it relates to the instant case, is protected and furthered by the Texas Tax Code. Tex. Const. art. I,

5. The record shows that at the rollback election, 16,774 votes were cast in favor of the tax rate rollback while 6,184 votes were cast against the rollback. The total votes cast in favor of the proposition, i.e., to rollback the tax rate, was less than the 20,046 signatures (10 percent) required for a valid petition to compel such tax rate rollback election.

§ 27. The Texas legislature has provided in § 26.07 of the Texas Tax Code that if the tax rate set by the Commissioners Court exceeds an increase of over 8 percent from the preceding tax year, the voters of a county (if 10 percent sign a petition to the Commissioners Court) can trigger a rollback election to determine if the tax rate should be rolled back to the prior year's tax rate plus 8 percent.[6] Texas Tax Code § 26.07 provides in pertinent part as follows:

### § 26.07. Election to Repeal Increase

(a) If the governing body of a taxing unit other than a school district adopts a tax rate that exceeds the rollback tax rate calculated as provided by Section 26.04 of this code, the qualified voters of the taxing unit by petition may require that an election be held to determine whether or not to reduce the tax rate adopted for the current year to the rollback tax rate calculated as provided by Section 26.04 of this code.

(b) A petition is valid only if:

(1) it states that it is intended to require an election in the taxing unit on the question of reducing the tax rate for the current year;

(2) it is signed by a number of qualified voters of the taxing unit equal to at least 10 percent of the number of qualified voters of the taxing unit according to the most recent official list of qualified voters not counting the signatures of voters gathered by a person who received compensation for circulating the petition; and

(3) it is submitted to the governing body on or before the 90th day after the date on which the governing body adopted the tax rate for the current year.

(c) Not later than the 20th day after the day a petition is submitted, the governing body shall determine whether or not the petition is valid and pass a resolution stating its finding. If the governing body fails to act within the time allowed, the petition is treated as if it had been found valid.

(d) If the governing body finds that the petition is valid (or fails to act within the time allowed), it shall order that an election be held in the taxing unit on a date not less than 30 or more than 90 days after the last day on which it could have acted to approve or disapprove the petition.

Tex.Tax Code Ann. § 26.07.

### B. Findings of the Trial Court

 Appellants, pursuant to Tex. R.Civ.P. 296, requested and ultimately obtained findings of facts and conclusions of law. As a general rule, findings of a trial court in a nonjury case have the same presumption of conclusiveness and weight on appeal as a jury verdict. *Chitsey v. Winston Interior Design, Inc.,* 558 S.W.2d 579 (Tex.Civ.App.—Austin 1977, no writ). Consequently, unless the findings of the trial court are challenged by a point of error on appeal, they are binding on the appellate court.[7] *Wade v. Anderson,* 602 S.W.2d 347 (Tex.Civ.App.—Beaumont 1980, writ ref'd n.r.e.); *Bilek v. Tupa,* 549 S.W.2d 217 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.); *Zelios v. City of Dallas,* 568 S.W.2d 173 (Tex.Civ.App.—Dallas 1978, writ ref'd n.r.e.). The judgment of the trial court will not be set aside if there is any evidence of a probative nature to support it and this Court of Appeals may not substitute its findings of fact for those of the trial court if there is any evidence in the record to sustain the trial court's findings. *Ray v. Farmers' State Bank of Hart,* 576 S.W.2d 607 (Tex.1979); *Chitsey v. Winston Interior Design, Inc.,* 558 S.W.2d at 579; *Page v. Central Bank &*

---

**6.** The precise formulas for calculating the "rollback tax rate," that rate which gives the citizens the right to petition for a rollback election, are found in Texas Tax Code § 26.04; however, the approximate result of these formulas is to permit a rollback election when the rate adopted exceeds the previous year's tax rate by 8 percent. Tex.Tax Code Ann. § 26.04.

**7.** The record in the instant case fails to reveal any trial objection or appellate point of error, by either party, challenging the correctness or incorrectness of the trial court's factual findings, thus we will accept those findings as correct recitations of the controlling facts.

*Trust Company,* 548 S.W.2d 802 (Tex.Civ. App.—Eastland 1977, no writ). However, while the factual findings of the trial court in the instant case are binding upon this Court, its conclusions of law are not likewise binding, and this Court is free to make its own legal conclusions. *Muller v. Nelson, Sherrod & Carter,* 563 S.W.2d 697 (Tex.Civ.App.—Fort Worth 1978, no writ). Moreover, where the trial court's findings of facts conflict with its conclusions of law, findings of facts will be deemed to control. *Gary Safe Company v. A.C. Andrews Co., Inc.,* 568 S.W.2d 166 (Tex.Civ.App.—Dallas 1978, writ ref'd n.r.e.).

■ We have carefully inspected the record in the instant case and find that the total budget expenditures of El Paso County for the tax year 1988 were $61 million and that subsequently the County more than doubled its expenditures to $138 million while reducing its property tax rate. In 1991, the El Paso County Commissioners Court reduced its expenditures from $138 million to $95 million. In spite of the 31 percent reduction in expenditures, the County faced the need to increase the property tax rate. The record further shows that in 1991, the El Paso County Commissioners Court voted for and approved a tax rate in excess of the rollback rate calculated under Tex.Tax Code Ann. § 26.04. As noted earlier, the record further establishes that the Commissioners Court, acting on the filing of a petition to compel a tax rate rollback election, ordered a rollback election be held, the result of which was a vote in favor of rolling back the tax rate. Of greater significance to this appeal, however, is the fact that the effect of judgment entered by the trial court in the instant case declaring the tax rate rollback election void and its results unenforceable was to reaffirm the earlier vote of the County Commissioners adopting a tax rate in excess of the rollback rate. Consequently, the record before this Court for review demonstrates that on April 30, 1992, the date of entry of the judgment of which the County now complains, the County was once again entitled to levy, collect and expend the proceeds from local property taxes at their previously approved rate. Appellees have filed a Motion to Dismiss the Appeal on the grounds that the County has not been adversely affected by the judgment of the trial court, and thus is precluded from pursuing this appeal.[8] We agree.

■ It is a fundamental principle of appellate review that a party on appeal may not complain of errors that do not injuriously affect him or that merely affect the rights of others. *Buckholts Independent School Dist. v. Glaser,* 632 S.W.2d 146 (Tex.1982); *Jackson v. Fontaine's Clinics, Inc.,* 499 S.W.2d 87, 92 (Tex.1973); *City of San Antonio v. Stumburg,* 70 Tex. 366, 7 S.W. 754 (1888); *Corpus Christi Area Teachers C.U. v. Hernandez,* 814 S.W.2d 195, 203 (Tex.App.—San Antonio 1991, no writ).[9]

**8.** The County of El Paso, citing *Wilson v. Wilson,* 378 S.W.2d 156 (Tex.Civ.App.—Tyler 1964, no writ) and *Houston & T.C.R. Co. v. Patterson,* 193 S.W. 691 (Tex.Civ.App.—Dallas 1916, no writ), for the **first** time on appeal and after submission on oral argument, has raised the issue of whether or not the trial court had the requisite jurisdiction to consider the instant case. The complaint centers on whether the plaintiff's below possessed the requisite standing to maintain the declaratory judgment in the trial court.

As a general rule, the failure of the party bringing suit to show a justiciable interest in the controversy is not a matter of fundamental error. *Texas Industrial Traffic League, et al., v. Railroad Commission of Texas,* 633 S.W.2d 821, 823 (Tex.1982), citing *Coffee v. Rice University,* 403 S.W.2d 340 (Tex.1966); *Sabine River Authority v. Willis,* 369 S.W.2d 348 (Tex.1963). Consequently, a party's lack of justiciable interest must be objected to in the trial court and a ruling thereon secured or the matter is not preserved for review. Tex.R.App.P. 52(a); *see also Texas Industrial Traffic League, et al., v. Railroad Commission of Texas,* 633 S.W.2d at 823, citing *Sabine River Authority v. Willis,* 369 S.W.2d at 350.

**9.** Other cases reflecting this universally recognized rule include: *K.B. v. N.B.,* 811 S.W.2d 634, 641 (Tex.App.—San Antonio 1991, writ denied); *Sheldon L. Pollack Corp. v. Falcon Ind.,* 794 S.W.2d 380, 384 (Tex.App.—Corpus Christi 1990, writ denied); *Ferguson v. DRG/Colony North, Ltd.,* 764 S.W.2d 874, 885 (Tex.App.—Austin 1989, writ denied); *Adams v. Petrade International, Inc.,* 754 S.W.2d 696 (Tex.App.—Houston [1st Dist.] 1988, writ denied); *Singleton v. Terrel,* 727 S.W.2d 688, 691 (Tex.App.—Texarkana 1987, no writ); *Hawkins v. Texas Oil and Gas Corp.,* 724 S.W.2d 878, 890 (Tex.App.—Waco

■ The right to appeal rests only in an aggrieved party to a lawsuit. *Southern National Bank of Houston v. City of Austin*, 582 S.W.2d 229, 235 (Tex.Civ.App.— Tyler 1979, writ ref'd n.r.e.); *Commissioners Court of Dallas County v. Cole*, 538 S.W.2d 267, 268 (Tex.Civ.App.—Dallas 1976, no writ) (*citing McFarling v. Lapham*, 489 S.W.2d 435 (Tex.Civ.App.—Beaumont 1972, writ ref'd n.r.e.) and *Texas Employers Ins. Ass'n v. Howell*, 107 S.W.2d 391, 392 (Tex.Civ.App.—Dallas 1937, writ dism'd). An aggrieved party is one who has an interest recognized by law which is injuriously affected by the trial court's judgment. *Southern National Bank of Houston v. City of Austin*, 582 S.W.2d at 235. As noted above, neither the petitioners for the tax rate rollback election, i.e., the local anti-tax advocacy group, nor the taxpayers of El Paso County, Texas, as a class, either through design or neglect, have chosen to intervene or be joined in the instant case. The judgment below resulted in imposition of the higher tax rate originally sought by the County;[10] thus, the Appellants, not having been prejudiced by that judgment, have no justiciable interest on appeal. Appellants' asserted "justiciable interest," raised for the first time on appeal, in seeing its "order" to hold the rollback election upheld is not an interest recognized by law. In order to be a justiciable interest, there must be an actual controversy between parties who have conflicting personal stakes. *City of West University Place v. Martin*, 132 Tex. 354, 123 S.W.2d 638, 639 (1939); *Southern Methodist Univ. v. Times Herald Printing Co.*, 729 S.W.2d 129, 130 (Tex.App.—Dallas 1987, no writ). Texas courts only have power over litigants with justiciable interests. *Ruiz v. Conoco, Inc.*, —— S.W.2d ——, —— n. 2 36 Tex.Sup.Ct.J. 412, 413 n. 2 (Dec. 31, 1992); *Morrow v. Corbin*, 122 Tex. 553, 62 S.W.2d 641, 647 (1933); *Camarena v. Tex. Employment Comm'n*, 754 S.W.2d 149, 151 (Tex.1988). Absent that justiciable interest, any opinion rendered by this Court as to the validity or invalidity of the tax rate rollback election would be advisory in nature. Neither the Texas Constitution nor our State legislature has vested this Court with the authority to render advisory opinions. See Tex. Const. art. II, § 1; *Ruiz v. Conoco, Inc.*, —— S.W.2d at —— n. 2 36 Tex.Sup.Ct.J. at 413, n. 2; *Camarena v. Tex. Employment Comm'n*, 754 S.W.2d at 151; *Morrow v. Corbin*, 62 S.W.2d at 647; *United States Life Insurance Company v. Delaney*, 396 S.W.2d 855, 861 (Tex.1965).

The County of El Paso, Texas, not being aggrieved by the judgment below, and having accepted the benefits of that judgment, is not now entitled to assert error in the judgment from which it has attempted to appeal. Accordingly, the appeal of the County of El Paso, the County Judge and the County Commissioners is dismissed. *Commissioners Court of Dallas County v. Cole*, 538 S.W.2d at 268; *Phelan v. Phelan*, 471 S.W.2d 605, 609 (Tex.Civ.App.— Beaumont 1971, no writ), and cases therein cited.

---

1987, writ ref'd n.r.e.); *Pierson v. Houston Indep. School Dist.*, 698 S.W.2d 377, 381 (Tex. App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.); *Valero v. State*, 664 S.W.2d 728, 730 (Tex.App.—Beaumont 1983, writ ref'd n.r.e.); *Determan v. City of Irving, Texas*, 609 S.W.2d 565, 568 (Tex.Civ.App.—Dallas 1980, no writ); *City of Houston v. Public Utility Commission of Texas*, 599 S.W.2d 687, 689 (Tex.Civ.App.—Austin 1980, writ ref'd n.r.e.).

**10.** On review, Appellants, without citing any authority, maintain that their interest in the instant litigation is in protecting the taxpayers of El Paso County. In spite of that assertion, Ap-

pellants have conceded that subsequent to the trial court declaring the tax rate rollback election void and its results unenforceable, the County of El Paso levied, collected, and spent tax revenues collected at the higher tax rate rather than at the rollback rate. It is generally recognized that a litigant may not treat a judgment as both right and wrong, and if he accepts the benefits of a judgment he will not be heard on an appeal therefrom. *Graham v. Caballero*, 243 S.W.2d 286, 287 (Tex.App.—El Paso 1951, writ ref'd n.r.e.), *citing Carle v. Carle*, 149 Tex. 469, 234 S.W.2d 1002 (1950).