# NO. 12-11-00169-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE INTEREST OF* | § | *APPEAL FROM THE 402ND* |
| *L.K. AND D.K., JR.,* | § | *JUDICIAL DISTRICT COURT* |
| *CHILDREN* | § | *WOOD COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

C.P.K. and D.R.K., Sr., appearing pro se, appeal the termination of their parental rights. In twenty-five and twenty-one issues respectively, C.P.K. and D.R.K., Sr. challenge the order of termination. We affirm.

### BACKGROUND

C.P.K. and D.R.K., Sr. (Appellants) are the parents of two children, L.K., born May 8, 2008, and D.K., Jr., born October 14, 2009. On November 6, 2009, the Department of Family and Protective Services (the "Department") filed an original petition for protection of the children, for conservatorship, and for termination of Appellants' parental rights. The Department was appointed the children's temporary managing conservator. As temporary possessory conservators, Appellants were granted supervised visitation with the children at the paternal stepgrandmother's discretion.

The case proceeded to trial on April 13, 2011. After the conclusion of the trial, the trial court found, by clear and convincing evidence, that Appellants had engaged in one or more of the acts or omissions necessary to support termination of their parental rights, and that termination of the parent-child relationship between Appellants and the children was in the children's best interest. Therefore, the trial court ordered that the parent-child relationship

between Appellants and the children be terminated. Appellants each filed separate motions for new trial, which were denied as untimely. This appeal followed.

CONSTITUTIONAL CLAIMS

In her first, fourth, ninth, tenth, twelfth, seventeenth, eighteenth, twenty-first, and twenty-fourth issues, and part of her second issue, C.P.K. argues that her constitutional rights were violated. Likewise, in his ninth, tenth, twelfth, and seventeenth issues, and part of his first, second, and eleventh issues, D.R.K., Sr. also argues that his constitutional rights were violated. C.P.K.'s constitutional complaints are set out below as they appear in her brief:

1. [The trial court] violated my [ ] God given and Constitutionally protected rights and liberties with full acknowledgment of the violations being committed by facilitating and participating in the outlawry actions under color of law in collusion with the [Department] to obtain permanent managing conservatorship of my children, [L.K. and D.K., Jr.].

2. There was a substantial lack of *due process* at the final hearing and throughout this case which raises the question of the fundamental fairness in the court. I was not afforded the opportunity to make a final record as my appointed attorney [ ] did not allow me to speak and waived my opportunity to clarify, defend, or counter statements made by witnesses and rendered as factual, prior to their solidification, and even though some of which are provably false. All witnesses were subpoenaed on the STATE['S] behalf, indicative of a conspiracy to defraud my family on their fundamental liberty interests in the health and well being of its offspring and interfering with familial relationships with NO EVIDENCE of criminal acts or intents.

4. I [ ] charge that [the trial court], [various Department employees], and [retained and appointed counsel] all happily violated the constitutional rights and liberties of my children and self to be free from unlawful STATE intervention.

9. I [ ] natural mother of [L.K. and D.K., Jr.] have the sovereign right to parent my children without STATE interference, the infringement of such is in violation of my *Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments* and is substantial. The Constitution ensures my right as well as the right of my children, and family to be secure and pursue happiness.

10. The lack of procedural due process and inaccurate representation of due process of law was an assurance for the STATE to prevail and prevent the return of my children, [L.K. and D.K., Jr.], to their rightful natural family.

12. No warrant or evidence of judicial authority was presented at the time of the STATE'S interjection into [my] family in 2009. I was not charged with committing a crime nor was I convicted of such yet my children and I, our entire family has received a cruel and unusual life altering sentence. Protections against this should be found in the *Fourth Amendment, Eighth Amendment, Fourteenth Amendment, and Title 42 of the United States Constitution.*

17. [T]he termination of my parental rights is unconstitutional.

2

18. [T]he proceedings were taking place in an unconstitutional court of law.

21. All of our God-given, sovereign, and constitutionally protected civil rights have been grossly violated.

24. These judges are, aiding and abetting heinous crimes committed by supposed state authorities. [The trial court's] failure to abide by the constitutional provisions which are in effect for the sole purpose of protecting my sovereignty from STATE and government interference makes [the trial court] criminally responsible and negligent in [its] duties. [The trial court] has failed to protect innocent citizens, with malicious intent to conceal evidence, and complete indifference to preserving the Constitutional rights of [my family].

D.R.K., Sr.'s constitutional complaints are also set out below as they appear in his brief:

1. [The trial court] erred in [its] final decision to terminate my parental rights to my children, [L.K. and D.K., Jr.], with full acknowledgment of the constitutional, civil, and God given violations being committed in the [trial court], by facilitating and participating in unethical practices under the color of law in collusion with the [Department] and other STATE paid representatives, to obtain permanent managing conservatorship of my children for the sole purpose of unrelated adoption to the STATE. This is comparable to a "legal" kidnapping and is not the first offense committed to this [family] by the STATE.

2. The lack of procedural due process at the final hearing and throughout the case is substantial. My public appointed counsel [ ] had minimal contact with me throughout the case after her assignment and waived my opportunity to make a final record, therefore I was unable to defend, counter, or clarify any of the accusations made against me which have now been rendered as factual. I was not afforded the opportunity by my counsel to present witnesses or evidence in my defense, or in defense of my family.

9. I [ ] natural father of [L.K. and D.K., Jr.] do have a sovereign right to parent and raise my children without STATE interference. This infringement of such is in substantial violation of my *fourth, fifth, sixth, eighth, ninth, [and] fourteenth amendment protections,* and the United States Constitution in general, all of which ensure my right to be secure and pursue happiness.

10. The STATE'S violation of due process of law and its lack of procedural due process was an assurance for its victory in this case to terminate my parental rights and prevent the return of my children, [L.K. and D.K., Jr.] to their rightful, natural family.

11. The exculpatory evidence withheld is an example of ineffectiveness and is a violation of *due process*. Withheld evidence by retained [and appointed counsel for myself and C.P.K.] include drug test results (performed without our knowledge or consent) on my wife [ ] and son, [D.K., Jr.], at Hopkins County Memorial Hospital in Hopkins County on about October 14, 2009. Copies obtained directly from said hospital do not appear to be consistent with the initial allegations made by the [Department]. This result has never been produced for review by me. Other evidence includes the knowledge that my children were actually residing in my home during the entire time of kinship placement with family friends . . . . It should be noted that no abuse or neglect is alleged to have occurred during this time.

12. There were no warrants or evidence of judicial authority was presented by the STATE at the time of its interjection into my family in 2009. My wife and I were only presented with a case

worker full of threats to separate our children from us. I was not and still have not been charged with a crime, nor has my wife, or my children. We have not been convicted of committing any crime against our children or our children against us, yet I, and my entire family has been subjected to a cruel and unusual punishment, being forced to pay a sentence. The protections against this are found in the *fourth, eighth, fourteenth amendments,* as well as *Title 42 of the United States Constitution.*

17. [I]t is unconstitutional for my parental rights to be terminated especially for the sole purpose of placing my children with strangers instead of their own natural family.

Rule 38.1 of the Texas Rules of Appellate Procedure sets forth what must be included in an appellant's brief. *See* TEX. R. APP. P. 38.1. Rule 38.1(i) requires that an appellant's brief "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). The appellate court has no duty to brief issues for an appellant. *Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.). The failure to provide appropriate record citations or a substantive analysis waives an appellate issue. *WorldPeace v. Comm'n for Lawyer Discipline*, 183 S.W.3d 451, 460 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (holding that failure to offer argument, citations to record, or citations to authority waives issue on appeal); *Med. Specialist Group, P.A. v. Radiology Assocs ., L.L.P.*, 171 S.W.3d 727, 732 (Tex. App.—Corpus Christi 2005, pet. denied) (same); *see also Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284–85 (Tex. 1994) (holding appellate court has discretion to deem points of error waived due to inadequate briefing). References to sweeping statements of general law are rarely appropriate. *Bolling v. Farmers Branch Ind. Sch. Dist.*, 315 S.W.3d 893, 896 (Tex. App.—Dallas 2010, no pet.). Appellate courts must construe briefing requirements reasonably and liberally, but a party asserting error on appeal still must put forth some specific argument and analysis showing that the record and the law support their contentions. *San Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323, 338 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

Although we liberally construe pro se briefs, litigants who represent themselves are held to the same standards as litigants represented by counsel. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Shull v. United Parcel Svc.*, 4 S.W.3d 46, 52-53 (Tex. App.—San Antonio 1999, pet. denied). To hold otherwise would give pro se litigants an unfair advantage over litigants who have an attorney. *Cohn*, 573 S.W.2d at 185; *Shull*, 4 S.W.3d at 53. Moreover, an appellate court has no duty—or even right—to perform an independent review of

the record and applicable law to determine whether there was error. *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.). Were we to do so, even on behalf of a pro se appellant, we would be abandoning our role as neutral adjudicators and become an advocate for that party. *Id.* Therefore, we will not make allowances or apply different standards simply because a case is presented by a litigant acting without the advice of counsel. *Id.*

In their constitutional complaints, Appellants do not provide any citations to the record, any argument, or any citations to authority in support of these complaints. Frequently, Appellants contend that the trial court's action was "unconstitutional" without referring to any particular constitutional provision or providing any other legal authority or analysis to support their claims. *See Sweed v. City of El Paso*, 195 S.W.3d 784, 786 (Tex. App.—El Paso 2006, no pet.) (stating that "merely uttering brief conclusory statements" is not a discussion of the facts and authorities relied upon contemplated by Rule 38). In the absence of any legal analysis, citations to the record, and citations to appropriate authorities, Appellants present nothing for our review regarding their constitutional complaints. *See WorldPeace*, 183 S.W.3d at 460; *Med. Specialist Group*, 171 S.W.3d at 732.

Moreover, as a predicate to presenting a complaint on appeal, the complaining party must have preserved the error at trial by a proper request, objection, or motion stating the grounds for the ruling that the party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, and then securing a ruling on the request, objection, or motion. *See* TEX. R. APP. P. 33.1(a)(1)(A), (2); *Ethington v. State*, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991). Appellate review of potentially reversible error in a parental termination case never presented to a trial court undermines the legislature's dual intent to ensure finality in these cases and expedite their resolution. *In re B.L.D.*, 113 S.W.3d 340, 353 (Tex. 2003). A court of appeals must not retreat from error preservation standards to review unpreserved constitutional error in parental rights termination cases. *See id.* at 355. Here, Appellants did not complain to the trial court that their constitutional rights had been violated. Consequently, Appellants waived these issues on that basis as well. *See* TEX. R. APP. P. 33.1(a)(1)(A), (2).

Accordingly, we overrule C.P.K.'s first, fourth, ninth, tenth, twelfth, seventeenth, eighteenth, twenty-first, and twenty-fourth issues, and the portion of her second issue that pertains to her constitutional complaints. We also overrule D.R.K., Sr.'s ninth, tenth, twelfth,

and seventeenth issues, and the portion of his first, second, and eleventh issues that pertains to his constitutional complaints.

COMPLAINTS AGAINST COUNSEL

In her third and eleventh issues, and part of her second issue, C.P.K. complains about her trial counsel. Similarly, in his third issue, and part of his second and eleventh issues, D.R.K., Sr. complains about his trial counsel. More specifically, Appellants complain that they were unable to defend or counter statements made against them at trial because their respective trial attorneys did not allow them to testify or waived their opportunity to testify. Both argue that their retained and appointed trial attorneys withheld exculpatory evidence that would have refuted allegations made by the Department. In his fourth issue, D.R.K., Sr. argues that he received ineffective assistance of counsel from his retained attorney. He contends that his retained attorney agreed to represent him and his wife, C.P.K., did "minimal to ward off STATE interference," and perpetuated a conflict of interest between him and his wife, enabling his retained attorney to "release our case to public defenders."

Appellants do not provide any argument, citations to the record, or citations to any authority in support of the reasons they contend their retained or appointed attorneys rendered ineffective assistance of counsel. *See* TEX. R. APP. P. 38.1(i). In the absence of any legal analysis, citation to the record, and citation to appropriate authorities, Appellants present nothing for our review regarding their complaints. *See **WorldPeace***, 183 S.W.3d at 460; ***Med. Specialist Group***, 171 S.W.3d at 732.

However, even if we reviewed Appellants' complaints about their trial attorneys, which we construe as a contention that their attorneys rendered ineffective assistance of counsel, they still could not prevail. Under the first prong of the United States Supreme Court's two prong test for ineffective assistance of counsel in ***Strickland v. Washington***, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), it is Appellants' burden to overcome the presumption that, under the circumstances, the challenged actions might be considered sound trial strategy. *See **Strickland***, 466 U.S. at 689, 104 S. Ct. at 2065; ***Tong v. State***, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). Moreover, any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *See **Thompson v. State***, 9 S.W.3d

6

808, 813 (Tex. Crim. App. 1999). But Appellants did not file timely motions for new trial and call their trial attorneys as witnesses to explain their reasoning. *See* **Bone v. State**, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002) (stating that defense counsel should be given opportunity to explain actions before being condemned as unprofessional and incompetent); *see also* **Anderson v. State**, 193 S.W.3d 34, 39 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd) (holding that because appellant did not call his trial counsel during motion for new trial hearing to give reasons for failure to call any witnesses, record does not support ineffective assistance claim). Because the record does not show deficient performance, we conclude that Appellants failed to meet the first prong of the **Strickland** test. *See* **Thompson**, 9 S.W 3d at 813.

Accordingly, we overrule C.P.K.'s third and eleventh issues, and the remaining portion of her second issue, which pertains to ineffective assistance of counsel. We also overrule D.R.K., Sr.'s third and fourth issues, and the remaining portion of his second and eleventh issues, which pertains to ineffective assistance of counsel.

## COMPLAINTS CHALLENGING THE JUDGMENT

In her seventh and nineteenth issues, C.P.K. challenges the judgment of the trial court. In his eighteenth issue, and part of his first and seventh issues, D.R.K., Sr. also challenges the judgment of the trial court. C.P.K.'s challenges to the judgment are set out below as they appear in her brief:

> 7. [The trial court] has heard this entire case and made [its] final order, findings of fact, and determined the conclusion of law yet is not the judge recorded as validating such. This raises further concerns and questions as to the final order's actual legality and any unethical practices of [the trial court] in this case.
>
> 19. I [ ] have not abused or neglected any of my children. Although allegations of such cruelty exist, no actual evidence or proof of such malice has EVER been presented.

D.R.K., Sr.'s challenges to the judgment are also set out below as they appear in his brief:

> 1. [The trial court] erred in [its] final decision to terminate my parental rights to my children.
>
> 7. The determination of [the trial court's] final decision to terminate my parental rights and place my children outside of their capable, willing, natural grandparents after allowing them to take part in this case from its shameful beginning and participating through its entirety, then not

7

being the judge recorded as signing such order is further indication of fraud, collusion, and unethical practices for gain by the STATE. The legality of this final decision is even more questionable.

18. The STATE has not proven beyond a shadow of a doubt that my wife or I have ever abused or neglected my children. It is not in my children's best interests to be shuffled through the foster care system and it is not necessary.

Appellants do not provide any argument, citations to the record, or citations to any authority in support of the reasons they contend the trial court erred in finding, by clear and convincing evidence, that Appellants had engaged in one or more of the acts or omissions necessary to support termination of their parental rights, and that termination of the parent-child relationship between Appellants and the children was in the children's best interest. *See* TEX. R. APP. P. 38.1(i). In the absence of any legal analysis, citation to the record, and citation to appropriate authorities, Appellants present nothing for our review regarding their complaints. *See* ***WorldPeace***, 183 S.W.3d at 460; ***Med. Specialist Group***, 171 S.W.3d at 732.

Further, as a predicate to presenting a complaint on appeal, the complaining party must have preserved the error at trial by a proper request, objection, or motion stating the grounds for the ruling that the party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, and securing a ruling on the request, objection, or motion. *See* TEX. R. APP. P. 33.1(a)(1)(A), (2); ***Ethington,*** 819 S.W.2d at 858. At the conclusion of the evidence at trial, the trial court orally stated its ruling regarding termination of the parent-child relationship, but stated that "I'm not going to be here" when informing the parties of specific time limits for appellate purposes. Approximately one month later, another judge signed the order of termination. However, Appellants did not complain to the trial court regarding this issue. Therefore, they have waived this complaint on that basis as well. *See* TEX. R. APP. P. 33.1(a)(1)(A), (2).

Accordingly, we overrule C.P.K.'s seventh and nineteenth issues. We also overrule D.R.K., Sr.'s eighteenth issue, the remaining portion of his first issue, which relates to the trial court's judgment, and the portion of his seventh issue that pertains to the trial court's judgment.

## CONSERVATORSHIP OF THE CHILDREN

In C.P.K.'s sixth issue and D.R.K., Sr.'s fifth issue, they contend that trial court erred in denying conservatorship of the children to the paternal grandfather and paternal stepgrandmother, intervenors. An appealing party may not complain of errors that do not injuriously affect it or that merely affect the rights of others. *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 843 (Tex. 2000). The right to appeal rests only in an aggrieved party to a lawsuit. *Cnty. of El Paso v. Ortega*, 847 S.W.2d 436, 442 (Tex. App.—El Paso 1993, no writ) (citing *S. Nat'l Bank of Houston v. City of Austin*, 582 S.W.2d 229, 235 (Tex. Civ. App.—Tyler 1979, writ ref'd n.r.e.)). As parties to the trial court's judgment, the intervenors could have perfected their own appeal, but they did not do so. Appellants may not raise this issue when the intervenors have not raised the complaint themselves. Accordingly, we overrule C.P.K.'s sixth issue and D.R.K., Sr.'s fifth issue.

## COMPLAINTS AGAINST THE TRIAL COURT AND THE DEPARTMENT

In her fifth, eighth, thirteenth, fourteenth, fifteenth, sixteenth, twentieth, twenty-second, twenty-third, and twenty-fifth issues, C.P.K. makes various complaints against the trial court and the Department, including fraud, deception, collusion, allowing hearsay evidence, unethical practices, "making law from the bench," defamation, misrepresentation of lawful authority, and "aiding and abetting [of] heinous crimes." In his sixth, eighth, thirteenth, fourteenth, fifteenth, sixteenth, nineteenth, twentieth, and twenty-first issues, and part of his seventh issue, D.R.K., Sr. makes various complaints against the trial court and the Department, including fraud, allowing "inaccurate, slanderous, opinionated, [and] fragmented" evidence, misrepresentation of lawful authority, unethical practices, "making law from the bench," deception, collusion, and "aiding and abetting crimes."

Although Appellants provided some citations to authority, they did not provide any argument or citations to the record in support of their contentions. *See* TEX. R. APP. P. 38.1(i). In the absence of any legal analysis, citations to the record, and, in all but four or five of their issues, citation to authorities, Appellants present nothing for our review regarding their complaints. *See WorldPeace*, 183 S.W.3d at 460; *Med. Specialist Group*, 171 S.W.3d at 732.

Moreover, as a predicate to presenting a complaint on appeal, the complaining party must have preserved the error at trial by a proper request, objection, or motion stating the grounds for the ruling that the party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, and securing a ruling on the request, objection, or motion. *See* TEX. R. APP. P. 33.1(a)(1)(A), (2); *Ethington,* 819 S.W.2d at 858. Appellants did not complain to the trial court about any of these alleged errors at trial. Therefore, they have waived these issues on that basis as well. *See* TEX. R. APP. P. 33.1(a)(1)(A), (2).

Accordingly, we overrule C.P.K.'s fifth, eighth, thirteenth, fourteenth, fifteenth, sixteenth, twentieth, twenty-second, twenty-third, and twenty-fifth issues. We also overrule D.R.K., Sr.'s sixth, eighth, thirteenth, fourteenth, fifteenth, sixteenth, nineteenth, twentieth, and twenty-first issues, and the remaining portion of his seventh issue, which pertains to his additional complaints about the trial court and the Department.

## DISPOSITION

Having overruled all of Appellants' issues, we *affirm* the judgment of the trial court.

**SAM GRIFFITH**
Justice

Opinion delivered December 20, 2012.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

10



# COURT OF APPEALS
# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS
# JUDGMENT

## DECEMBER 20, 2012

## NO. 12-11-00169-CV

## IN THE INTEREST OF L.K. AND D.K., JR., CHILDREN

Appeal from the 402nd Judicial District Court

of Wood County, Texas. (Tr.Ct.No. 2009-690)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed,** and that this decision be certified to the court below for observance.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*