

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-17-00164-CV

FEYSAL GHAFFARI                                                              APPELLANT

V.

EMPIRE PETROLEUM PARTNERS,                                          APPELLEE
LLC

----------

### FROM THE 342ND DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 342-266265-13

----------

## MEMORANDUM OPINION[1]

----------

The cause below involved numerous parties, claims, counterclaims, crossclaims, and third-party claims. One of the parties was pro se Appellant Feysal Ghaffari in his individual capacity. Another was Arlington Valero Corp., an entity with which Ghaffari may have some affiliation. The trial court ultimately

---

[1]*See* Tex. R. App. P. 47.4.

signed a final order dismissing the cause, and any pending claims, for want of prosecution.

Ghaffari appeals, but Arlington Valero does not. Instead of complaining about trial court rulings that were directed at him individually, in his five issues, Ghaffari challenges orders that were directed at Arlington Valero. Because Ghaffari is a party to this appeal in his individual capacity only, and because he has no justiciable interest in any potential error affecting only Arlington Valero, we will dismiss this appeal for want of subject-matter jurisdiction.

Dallas Convenience Stores, Inc. sued Arlington Valero for breach of a commercial lease agreement and Nick Datoo, Shirin Datoo, and Ameen Hirani for breach of guarantees. The Datoos answered and filed a counterclaim against Dallas Convenience Stores and a third-party petition against Empire Petroleum. Empire Petroleum answered the Datoos' third-party petition; filed counterclaims against Arlington Valero (breach of contract, conversion, and theft), Nick Datoo (breach of guaranty, conversion, and theft), Shirin Datoo (conversion and theft), and Hirani (conversion and theft); and filed a third-party petition and claims against Ghaffari for conversion, theft, and tortious interference with existing contract. Ghaffari answered Empire's third-party petition and filed a "cross-claim" against Dallas Convenience Stores and no claims against Empire Petroleum.

Dallas Convenience Stores ultimately reached a settlement agreement with Arlington Valero and the Datoos, and Ghaffari settled his claim against Dallas Convenience Stores. The trial court signed orders dismissing the claims

2

between those parties and severed the dismissal orders into a separate cause. Dallas Convenience Stores also nonsuited its claim against Hirani, which left pending only the claims and third-party claims among Arlington Valero, the Datoos, Empire Petroleum, Hirani, and Ghaffari.

Later, the trial court dismissed the third-party claims against Empire Petroleum; granted an interlocutory summary judgment in favor of Empire Petroleum and against Arlington Valero and Nick Datoo for $98,244.80; and dismissed the remainder of the cause for want of prosecution on April 28, 2017. At the time of the dismissal, the only claims that remained pending were Empire Petroleum's counterclaims against Shirin Datoo and Hirani and Empire Petroleum's third-party claims against Ghaffari.

Ghaffari identifies the following five issues:

> Issue 1: The evidence does not support the Order of dismissal of 4/28/2017.

> Issue 2: The trial court should not have rendered judgment against defendant for cumulative damages for concurrent causes of actions arising out of the same acts.

> Issue 3: **Lacks** Standing (Law). Locus standi is the term for the ability of Empire to deliver a copy of the proof of "Something to lose" Doctrine $0.00 Loss, after the expiration of 3/28/2012 and refusal to refund the appellant's $25,000.00 is not Empire lost, that cannot be cured, make an order/judgment void. Not just voidable.

> Issue 4: Empire's claims are barred, in whole or in part, by Empire's noncompliance with applicable statutes and other provisions of law.

> Issue 5: Empire's claims are barred, in whole or in part, by Empire's noncompliance with applicable contracts and agreements.

3

Ghaffari included only two paragraphs in the argument section of his brief, but they are no more comprehensible than the issues immediately above are. Taking Ghaffari's first issue at face value, Empire Petroleum argues that the trial court did not abuse its discretion by dismissing the cause for want of prosecution, but it makes no sense for Ghaffari to challenge the April 28, 2017 dismissal order in the traditional sense because he prevailed:  the only claims that the trial court dismissed by that order were Empire Petroleum's because Ghaffari never asserted a counterclaim against Empire Petroleum after it filed its third-party petition against him.  As he did in the trial court, Ghaffari is proceeding in this appeal pro se.  Judging by his briefing, it is apparent that he is untrained in the law and not clearly articulating his issues.  Therefore, to ascertain his actual arguments, we will consider his brief as a whole.  *Cf. Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008) ("Appellate briefs are to be construed reasonably, yet liberally, so that the right to appellate review is not lost by waiver.").

Citing the trial court's orders dismissing other parties' third-party claims against Empire Petroleum and granting summary judgment for Empire Petroleum against Arlington Valero, Ghaffari states in his second issue that the trial court "should not have rendered judgment against defendant for cumulative damages." In his third issue, Ghaffari contends that he was entitled to a refund of a $25,000 security deposit.  In his fourth and fifth issues, Ghaffari appears to raise defenses to Empire Petroleum's claims.  In his summary of the argument, Ghaffari states that "the court should reverse the judgment of $98,244.80."  And in his prayer, he

4

again challenges the $98,244.80 award, describing it as "unlawful." We also note that in one of its pleadings, Empire Petroleum explained that Ghaffari had filed a lawsuit in Collin County "dba Arlington Valero Corporation." In that same pleading, Empire Petroleum stated that Arlington Valero had assigned its interest in a motor fuel supply agreement to Ghaffari.

In light of all of the above, but for reasons that are not entirely clear to us because of the limited record, it appears that Ghaffari is attempting to challenge the trial court's orders that were directed at Arlington Valero, principally, the interlocutory summary judgment that awarded Empire Petroleum $98,244.80. Ghaffari lacks standing to do so.

Empire Petroleum sued Ghaffari in his individual capacity, Ghaffari asserted a claim against Dallas Convenience Stores in his individual capacity, and he filed a notice of appeal in his individual capacity. Ghaffari is a party to this appeal only in his individual capacity. Individual capacity differs from other capacities:

> A person who sues or is sued in his official or representative capacity is, in contemplation of law, regarded as a person distinct from the same person in his individual capacity and is a stranger to his rights or liabilities as an individual. It is equally true that a person in his individual capacity is a stranger to his rights and liabilities as a fiduciary or in a representative capacity.

*Alexander v. Todman*, 361 F.2d 744, 746 (3rd Cir. 1966); *Burroughs v. Burroughs*, No. 14-12-00627-CV, 2013 WL 1187461, at *1 (Tex. App.—Houston [14th Dist.] Mar. 21, 2013, no pet.) (majority order) (Frost, J., dissenting);

5

*Elizondo v. Tex. Nat. Res. Conservation Comm'n*, 974 S.W.2d 928, 931 (Tex. App.—Austin 1998, no pet.). Thus, in the eyes of the law, Ghaffari in his individual capacity is not the same person as Ghaffari in his capacity as a representative of Arlington Valero. The question then is whether Ghaffari, individually, may challenge orders that affected only Arlington Valero.

"Texas courts have long held that an appealing party may not complain of errors that do not injuriously affect it or that merely affect the rights of others." *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 843 (Tex. 2000). The right to appeal rests only in an aggrieved party. *Cty. of El Paso v. Ortega*, 847 S.W.2d 436, 442 (Tex. App.—El Paso 1993, no writ). "An aggrieved party is one who has a justiciable interest recognized by law which is injuriously affected by the trial court's judgment." *Hanna v. Godwin*, 876 S.W.2d 454, 457 (Tex. App.—El Paso 1994, no writ). A party lacks standing when it is not personally aggrieved. *See Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848–49 (Tex. 2005).

The trial court's order granting the interlocutory summary judgment for Empire Petroleum aggrieved Arlington Valero but had no injurious affect upon Ghaffari individually. He therefore lacks standing to complain of any potential errors that may have affected only Arlington Valero. *See Torrington Co.*, 46 S.W.3d at 843; *Brauss v. Triple M Holding GmbH*, 411 S.W.3d 614, 625 (Tex. App.—Dallas 2013, pet. denied) ("[T]he Nixdorf Appellants are not injuriously affected by the judgment in favor of the Horseshoe Appellants and have no standing to appeal that portion of the judgment.").

6

Standing is a prerequisite to subject-matter jurisdiction. *Bland ISD v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000). Because Ghaffari lacks standing to assert the only issues that he raises, we dismiss this appeal for want of subject-matter jurisdiction.[2] *See Vickery v. Vickery*, No. 01-95-00008-CV, 1996 WL 255755, at *2–3 (Tex. App.—Houston [1st Dist.] May 16, 1996, no writ) (holding similarly).

/s/ Bill Meier
BILL MEIER
JUSTICE

PANEL: WALKER, MEIER, and KERR, JJ.

DELIVERED: February 22, 2018

---

[2]Insofar as Ghaffari challenges the April 28, 2017 order in the manner that Empire Petroleum construes his argument, we agree with Empire Petroleum that Ghaffari has not shown that the trial court abused its discretion by dismissing the cause and remaining claims for want of prosecution. To the extent that Ghaffari can appeal a judgment entirely in his favor, we would affirm the trial court's judgment.

7