# NO. 12-24-00239-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE INTEREST OF* | § | *APPEAL FROM THE* |
| *H.K.S., A CHILD,* | § | *COUNTY COURT AT LAW NO. 2* |
| *APPELLANT* | § | *ANGELINA COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

A.G. appeals his appointment as possessory conservator of his child. In a single issue, A.G. contends the evidence is insufficient to support appointing the foster parents as managing conservators with the right to designate the child's primary residence. We affirm.

## BACKGROUND

A.G. is the father of H.K.S. and S.S. is the child's mother.[1] On August 17, 2022, the Department of Family and Protective Services (the Department) filed an original petition for protection of a child, for conservatorship, and for terminations of S.S.'s and A.G.'s parental rights. The Department was appointed temporary managing conservator of H.K.S., and A.G. was allowed limited access to, and possession of, H.K.S.

A trial was held before an associate judge, after which, the judge appointed A.G. and S.S. possessory conservators, appointed intervenor paternal grandmother C.R. as joint managing conservator, and appointed intervenor foster parents J.G. and M.G. as joint managing conservators with the exclusive right to designate the child's primary residence. A trial de novo was then held by the presiding judge. Prior to both trials, A.G. represented to the court that he agreed to be named possessory conservator and have visitation supervised by C.R. Therefore,

---

[1] S.S. is not a party to this appeal.

the only question before the court was which managing conservator should be given the right to designate the child's primary residence. Following the trial de novo, the presiding judge adopted the ruling of the associate judge. This appeal followed.

## STANDING

In his sole issue, A.G. urges the evidence is insufficient to support the finding that appointing J.G. and M.G. as primary managing conservators with the right to designate H.K.S.'s primary residence is in the child's best interest. He contends that C.R. should have been given the right to designate the child's primary residence.

An appealing party may not complain of errors that do not injuriously affect it or that merely affect the rights of others. *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 843 (Tex. 2000). The right to appeal rests only in an aggrieved party to a lawsuit. *Cty. of El Paso v. Ortega*, 847 S.W.2d 436, 442 (Tex. App.—El Paso 1993, no writ) (citing *S. Nat'l Bank of Houston v. City of Austin*, 582 S.W.2d 229, 235 (Tex. Civ. App.—Tyler 1979, writ ref'd n.r.e.)). As parties to the trial court's judgment, C.R. could have perfected her own appeal, but she did not do so. A.G. may not raise this issue when C.R. has not raised the complaint herself. *See In re L.K.*, No. 12-11-00169-CV, 2012 WL 6674417, at *7 (Tex. App.—Tyler Dec. 20, 2012, pet. denied) (mem op.) parents could not challenge trial court's failure to appoint intervenors as conservators. Accordingly, we overrule A.G.'s sole issue.

## DISPOSITION

Having overruled A.G.'s sole issue, we ***affirm*** the trial court's judgment.


**JAMES T. WORTHEN**
Chief Justice

Opinion delivered October 31, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

2



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 31, 2024**

**NO. 12-24-00239-CV**

**IN THE INTEREST OF H.K.S., A CHILD,**
Appellant

_____

Appeal from the County Court at Law No 2

of Angelina County, Texas (Tr.Ct.No. CV-00483-22-08)

_____

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED, and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*